Michael L. Mallow (SBN 188745)
mmallow@sidley.com
Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9662
Facsimile: +1 310 595 9501

Rachael A. Rezabek (SBN 298711)
rrezabek@sidley.com
Alexandria V. Ruiz (SBN 313286)
aruiz@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, 40th Floor
Los Angeles, CA 90013
Telephone: +1 213 896 6666
Facsimile: +1 213 896 6600

Attorneys for Defendant
MIDWAY IMPORTING, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY RIVERA, BALMORE PRUDENCIO, AND MICHELLE QUINTERO, individually on behalf of themselves and all others similarly situated, and John Does (1-100) on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDWAY IMPORTING, INC.,<br><br>Defendant. | Case No. 2:18-cv-01469-AB-RAO<br><br>Assigned to: Hon. Andre Birotte, Jr.<br><br>**DEFENDANT MIDWAY IMPORTING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>[Filed concurrently with Memorandum of Points and Authorities, Request for Judicial Notice, and [Proposed] Order]<br><br>Date:       July 6, 2018<br>Time:      10:00 a.m.<br>Ctrm.:      7B<br><br>Complaint Filed: February 22, 2018 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on July 6, 2018 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Andre Birotte, Jr., in Courtroom 7B, located at the First Street Courthouse, 350 West First Street, Los Angeles, CA 90012, Defendant Midway Importing, Inc., ("Midway") will and hereby does move this Court pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(1), (2), and (6) to dismiss Plaintiffs' First Amended Complaint.

The Motion to Dismiss is made on the following grounds:

- Plaintiffs have failed to establish standing under Article III of the U.S. Constitution to state a claim for prospective injunctive relief because they have not alleged facts demonstrating that they will be injured again in a similar way in the future;

- Plaintiffs have failed to establish standing under Article III to state any claim respecting products that they did not purchase;

- Plaintiffs have failed to establishing standing to sue under the laws of states where they do not reside and did not purchase the product(s) at issue;

- There is no personal jurisdiction over Midway for claims brought by non-California plaintiffs, because the products purchased by non-California plaintiffs were purchased outside of California, and because Midway is incorporated and has its principal place of business in Texas;

- Plaintiffs have failed to plead each of their fraud claims with the degree of particularity required by Federal Rule of Civil Procedure 9(b) because they have failed to plead sufficient facts to show Midway's role in allegedly deceptive advertising when Midway does not manufacture, label, or advertise the products at issue; and have further failed to plead sufficient facts regarding their purchase of the products, the falsity of the challenged representations, and any purported damages;

- Plaintiffs have failed to state a CLRA, FAL, UCL, or N.Y. GBL claim based on the "natural soap" advertising because they did not suffer any injury as a result of the advertising and because such advertising is not false or misleading as a matter of law;

- Plaintiffs have failed to state an express warranty claim because the ingredients in the products were disclosed in the ingredient list and because there is no privity between the parties;

- Plaintiffs have failed to state a claim under the Magnuson Moss Warranty act because they have failed to plead the required jurisdictional elements and because the term "natural" is not a warranty under the Act;

- Plaintiffs have failed to state an implied warranty claim because the parties are not in privity and because Plaintiffs have not pled that the products were not merchantable for use as soap.

In the alternative, Midway requests that the Court stay the action pursuant to the primary jurisdiction doctrine because the FDA has announced that it will soon issue critical guidance relating to "natural" labeling, which will be instructive for, if not dispositive of, the singular issue in this action.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 27, 2018.

This Motion is further based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Midway's Request for Judicial Notice in Support of this Motion, any reply memorandum submitted by Midway, the pleadings and filings in this action, any additional matter of which the Court may take judicial notice, and such further evidence or argument as may be presented before or at the hearing on this Motion.

3

| | | |
|---|---|---|
| Dated: May 7, 2018 | | SIDLEY AUSTIN LLP |
| | | By: */s/ Rachael A. Rezabek*<br>    Rachael A. Rezabek<br>    Attorneys for Defendant<br>    MIDWAY IMPORTING, INC. |