David R. Shoop (SBN 220576)
david.shoop@shooplaw.com
Thomas S. Alch (SBN 135860)
thomas.alch@shooplaw.com
**SHOOP, A PROFESSIONAL LAW CORPORATION**
350 S. Beverly Drive, Suite 330
Beverly Hills, CA 90212
Tel: (310) 277-1700

Attorneys for Plaintiffs and the Class

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY RIVERA, BALMORE PRUDENCIO, AND MICHELLE QUINTERO, individually on behalf of themselves and all others similarly situated, and John Does (1-100) on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Midway Importing, Inc.,<br><br>Defendant. | Case No. 2:18-cv-01469-AB-RAO<br><br>Assigned to: Hon. André Birotte, Jr.<br><br>**Memorandum of Law in Opposition to Defendant Midway Importing, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint**<br><br>Date:  July 6, 2018<br>Time:  10:00 AM<br>Ctrm:  7B<br><br>Complaint Filed:  February 22, 2018 |

# TABLE OF CONTENTS

Table of Contents………………………………………………………………I-II

Table of Authorities…………………………………………………....III – VIII

I.    INTRODUCTION………………………………………………………1

II.    ARGUMENT……………………………………………………….....1

    A. Standing and Jurisdiction………………………………..……..1

        1.    Plaintiffs Have Standing to Sue for Products They Did Not Purchase Because the Misrepresentations At Issue Are Identical........................................................................................2

        2.    Whether Plaintiffs May Represent Out-Of-State Residents is an issue for Class Certification……………………….……..5

        3.    This Court has Specific Personal Jurisdiction Over The Claims of Non-Resident Class Members…………………….....9

        4.    Plaintiffs Have Standing to Sue for Injunctive Relief………..…12

        5.    The Court Has Jurisdiction Over Plaintiffs' Magnuson-Moss Claims……………………………………………….……13

    B. Plaintiffs Have Adequately Pleaded Their Causes of Action…………14

        1.    What a Reasonable Consumer Would Believe Cannot be Decided at the Pleading Stage…………………………15

        2.    Plaintiffs' Misrepresentation Claims Should be Upheld…………16

        3.    Plaintiff's State a Claim Against Midway………………………18

        4.    Plaintiffs' Allegations Satisfy the Requirements for Rule 9(b)………………………………………...……..19

        5.    Plaintiffs Have Stated Claims For Breach Of Express Warranty under California and New York law……………..…..20

        6.    Plaintiffs Prudencio and Quintero Have Stated Claims for Breach of Implied Warranty Under California Law………...…22

I

7.      Plaintiffs' Magnuson-Moss Claims Should Not Be Dismissed…...22

C.  Plaintiffs' Claims Should not be Stayed………………………………24

D. LEAVE TO AMEND REQUESTED…………………………………25

III.   CONCLUSION……………………………………………………...……25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
  795 F.2d 238 (2d Cir. 1986) ........................................................................................23

*Aguiar v. Merisant Co.*,
  No. 14-civ-00670, 2014 U.S. Dist. LEXIS 165301 (C.D. Cal. March 24, 2014) ...............17, 20

*Alvarez v. NBTY, Inc.*,
  No. 17-cv-00567-BGS, 2017 U.S. Dist. LEXIS 201159 (S.D. Cal. Dec. 6, 2017)....................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................14, 15

*Astiana v. Hain Celestial Grp., Inc.*,
  No. 11-civ-6342, 2015 U.S. Dist. LEXIS 138496 (N.D. Cal. Oct. 9, 2015)............................24

*Astiana v. Hain Celestial Grp., Inc.*,
  No. 12-17596, 2015 U.S. App. LEXIS 5833 (9th Cir. Apr. 10, 2015) ....................................16

*Ault v J.M Smucker Co.*,
  No. No. 13 Civ. 3409 (PAC), 2014 U.S. Dist. LEXIS 67118 (S.D.N.Y. May 15,
  2014)..........................................................................................................20

*Barber v. Johnson & Johnson Co.*,
  No. 8:16-civ-1954, 2017 U.S. Dist. LEXIS 53591 (C.D. Cal. Apr. 4, 2017) ...........................8

*Barrett v. Milwaukee Elec. Tool, Inc.*,
  No. 14-1804 JAH, 2016 U.S. Dist. LEXIS 122688 (S.D. Cal. Jan 26, 2016)...........................18

*Bautista v. Cytosport, Inc.*,
  223 F. Supp. 3d 182 (S.D.N.Y. 2016) ....................................................................2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................14, 15

*Brazil v. Dole Food Co.*,
  No. 12-civ-01831, 2013 U.S. Dist. LEXIS 136921 (N.D. Cal. Sep. 23, 2013) ........................8

*Brenner v. Proctor & Gamble Co.*,
  No. 15-civ-1093, 2016 U.S. Dist. LEXIS 187303 (C.D. Cal. Oct. 20, 2016)...........................16

*Bristol-Myers Squibb Co., v. Superior Court of California, San Francisco*,
  582 U.S. ___, 137 S. Ct. 1773 (2017) ............................................................9, 10, 11

*Brown v. Hain Celestial Grp.*,
    913 F. Supp. 2d 881 (N.D. Cal. 2012) ...................................................16, 17

*Buonasera v. Honest Co., Inc.*,
    208 F. Supp. 3d 555 (S.D.N.Y. 2016) ...........................................................16

*Cardenas v. NBTY, Inc.*,
    870 F. Supp. 2d 984 (C.D. Cal. 2012).............................................................2

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
    No. C 10-01044 JSW, 2011 U.S. Dist. LEXIS 6371 (N.D. Cal. Jan. 10, 2011) ........................4

*Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods.*,
    NO. 17-2161, 2018 U.S. Dist. LEXIS 43974 (March 19, 2018, E.D. La.) ................................9

*Chavez v. Blue Sky Natural Beverage Co.*,
    268 F.R.D. 365 (N.D. Cal. 2010) ....................................................................3

*In re Chinese-Manufactured Drywall Products Liability Litigation*,
    MDL No. 09-2047, 2017 U.S. Dist. LEXIS 197612 (E.D. La. Nov. 30, 2017)....................9, 11

*Clark v. Time Warner Cable*,
    523 F.3d 1110 (9th Cir. 2008)........................................................................24

*Clemens v. DaimerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008)........................................................................23

*Coleman Anacleto v. Samsung Elecs. Am., Inc.*,
    No. 16-civ-02941, 2016 U.S. Dist. LEXIS 123455 (N.D. Cal. Sept. 12, 2016) .........................2

*In re ConAgra Foods, Inc.*,
    908 F. Supp. 2d 1090 (C.D. Cal. 2012) .........................................................19

*Czuchaj v. Conair Corp.*,
    No. 13-civ-1901, 2014 U.S. Dist. LEXIS 54410 (S.D. Cal. Apr. 16, 2014) ...............................8

*Dabish v. Brand New Energy, LLC*,
    No. 16-cv-400-BAS(NLS), 2016 U.S. Dist. LEXIS 167783 (S.D. Cal. Nov. 23, 2016).................................................................................................3

*Davidson v. Kimberly-Clark Corp.*,
    873 F.3d 1103 (9th Cir. 2017)................................................................12, 13

*Day v. Air Methods Corp.*,
    No. 5:17-183-DCR, 2017 U.S. Dist. LEXIS 174693 (E.D. Ky. Oct. 23, 2017) .......................10

*DiBartolo v. Abbott Labs.*,
    914 F.Supp.2d 601 (S.D.N.Y. 2012) ..............................................................22

IV

*Dorfman v. Nutramax Labs., Inc.*,
No. 13-civ-0873, 2013 U.S. Dist. LEXIS 136949 (S.D. Cal. Sept. 23, 2013) .........................2, 3

*Dysthe v. Basic Reasearch, LLC*,
No. CV 09-8013, 2011 U.S. Dist. LEXIS 138028 (C.D. Cal. June 13, 2011) ...........................4

*Fagan v. Neutrogena Corp.*,
Civ. No. 5:13–1316 SVV OP, 2014 U.S. Dist. LEXIS 2795 (C.D. Cal. Jan. 8,
2014)......................................................................................................................................16

*Fonseca v. Goya Foods, Inc.*,
No. 16-civ-02559-LHK, 2016 U.S. Dist. LEXIS 121716 (N.D. Cal. Sep. 8,
2016).........................................................................................................................................7

*Forcellati v. Hyland's, Inc.*,
876 F.Supp.2d 1155 (C.D. Cal. 2012).....................................................................................7

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (2000) ................................................................................................................6

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
*8 F. Supp.* 3d 467, 478 (S.D.N.Y. 2014).........................................................................16, 21

*Grodzitsky v. Am. Honda 24 Motor Co.*,
No. 2:12-civ-1142, 2013 U.S. Dist. LEXIS 33387, C.............................................................8

*Hanson v. Denckla*,
357 U.S. 235 (1958) .............................................................................................................11

*Harris v. CVS Pharmacy*,
No. ED CV 13-02329, No. 13-02329, 2015 U.S. Dist. LEXIS 104101 (C.D.
Cal. 2015) ..........................................................................................................................7, 14

*Harrison v. General Motors Company*,
No. 17- 3128-Cv-S-SRB (W.D. Mo. Sept. 25, 2017) .....................................................10, 11

*Hendricks v. StarKist Co.*,
30 F. Supp. 3d 917 (N.D. Cal. 2014) ......................................................................................4

*Hidalgo v. Johnson & Johnson Consumer Cos., Inc.*,
148 F. Supp. 3d 285 (S.D.N.Y. 2015)...............................................................................16, 18

*Hoffman v. Fifth Generation, Inc.*,
No. 3:2014-civ-02569, 2015 U.S. Dist. LEXIS 65398 (S.D. Cal. Mar. 18, 2015) ...................8

*Hunter v. Nature's Way Products, LLC*,
No. 16-civ-532, 2016 U.S. Dist. LEXIS 107092 (S.D. Cal. Aug. 6, 2016) ...............................3

*Jackson v. Carey*,
353 F.3d 750 (9th Cir. 2003)................................................................................................25

V

*Janney v. Gen'l Mills*,
    No. 12-civ-03919, 2014 U.S. Dist. LEXIS 41452 (N.D. Cal. Mar. 26, 2014)..........................17

*Jesmer v. Retail Magic, Inc.*,
    863 N.Y.S.2d 737 (2d Dep't. 2008) ......................................................................................21

*Johns v. Bayer Corp.*,
    No.09-cv-1935 DMS, 2010 U.S. LEXIS 10926 (S.D. Cal. Feb 9, 2010) ..............................3, 5

*Jones v. ConAgra Foods, Inc.*,
    912 F. Supp. 2d 889 (N.D. Cal. 2012) ..................................................................................25

*Jou v. Kimberly-Clark Corp.*,
    13-civ-03075, 2013 U.S. Dist. LEXIS 173216 (N.D. Cal. Dec. 10, 2013)..........................17, 18

*Kane v. Chobani, Inc.*,
    No.: 12-CV-02425-LHK, 2013 U.S. Dist. LEXIS 134385 (N.D. Cal. Sept. 19,
    2013)....................................................................................................................................4

*Keegan v. Am. Honda Motor Co*,
    838 F. Supp. 2d 929 (C.D. Cal. Jan 6, 2012) ........................................................................14

*Koehler v. Litehouse, Inc.*,
    No. CV 12-04055 SI, 2012 U.S. Dist. LEXIS 176971 (N.D. Cal. Dec. 13, 2012) ...................13

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014) ..................................................................................22

*Lanovaz v. Twinings N. Am., Inc.*,
    No. C-12-02646-RMW, 2014 U.S. Dist. LEXIS 1639 (N.D. Cal. Jan 6, 2014)......................12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .............................................................................................................6

*Madenlian v. Flax USA, Inc.*,
    No. 13-civ-01748, 2014 U.S. Dist. LEXIS 181473 (C.D. Cal. Mar. 31, 2014).........................6

*Mahoney v. Endo Health Solutions, Inc.*,
    No. 15-CV-9841, 2016 U.S. Dist. LEXIS 94732 (S.D.N.Y. July 20, 2016) ......................21, 22

*In re Mattel, Inc.*,
    588 F.Supp. 2d 1111 (C.D. Cal. 2008)..................................................................................19

*Mazza v. American Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) (Def. Mem. )...........................................................................6, 7

*Melendres v. Arpaio*,
    784 F.3d 1254 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 799 (2016) .........................................5

VI

*Miller v. Ghirardelli Chocolate Co.*,
  912 F. Supp. 2d 861 (N.D. Cal. 2012) ...................................................................4

*Morales v. Unilever United States, Inc.*,
  No. 2:13-2213 WBS, 2014 U.S. Dist. LEXIS 49336 (E.D. Cal. Apr. 9, 2014) .................16, 17

*Murrin v. Ford Motor Co.*,
  756 N.Y.S.2d 596 (2d Dep't. 2003) .....................................................................21

*Mut. Int'l Exp. Co. v. Napco Indus., Inc.*,
  316 F.2d 393 (D.C. Cir. 1963) ...........................................................................11

*Parker v. J.M. Smucker Co.*,
  No. C 13-0690 SC, 2013 U.S. Dist. LEXIS 120374 (N.D. Cal. Aug 23, 2013) .......................20

*In re 100% Parmesan Cheese Mktg & Sales Practices Litig.*
  275 F. Supp. 3d 910 (N.D. Ill. 2017) (Def. Mem. ) ...................................................18

*Pelayo v Nestle USA, Inc*.
  989 F. Supp. 2d 973 (C.D. Cal. 2013).................................................................18

*Pinker v. Roche Holdings Ltd.*,
  292 F.3d 361 (3d Cir. 2002)..............................................................................11

*Quinn v. Walgreen Co.*,
  958 F. Supp. 2d 553 (S.D.N.Y. 2013) ...................................................................3

*Randy Knitwear, Inc. v. Am. Cyanamid Co.*,
  11 N.Y.2d 5 (1962) .......................................................................................21

*Rhinerson v. Van's Int'l Foods, Inc.*,
  No. 13-civ-05923, 2014 U.S. Dist. LEXIS 90471 (N.D. Cal. July 2, 2014)...........................8

*Ries v. Arizona Beverages*,
  287 F.R.D. 523 (N.D. Cal. 2012) .......................................................................12

*Ruszecki v. Nelson Bach USA LTD.*,
  No. 12-cv-495-L(NLS), 2015 U.S. Dist. LEXIS 151946 (S.D. Cal. June 25,
  2015)......................................................................................................3

*In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Practices & Prods. Liab. Litig.*,
  No. MD 16-2695 ........................................................................................22

*Segedie v. Hain Celestial Grp., Inc.*,
  No. 14-civ-5029 (NSR), 2015 U.S. Dist. LEXIS 60739 (S.D.N.Y. May 7, 2015) ........16, 17, 18

*Silva v. Smucker Natural Foods, Inc*.,
  2015 U.S. Dist. LEXIS 122186 (E.D.N.Y. Sept. 14, 2015)...........................................17

VII

*Sitt v. Nature's Bounty, Inc.*,
    No. 15-CV-4199, 2016 U.S. Dist. LEXIS 131564 (E.D.N.Y. Sep. 26, 2016) .........17, 21, 22, 23

*Sloan v. General Motors, LLC.*,
    No. 16-cv-07244-EMC, 287 F. Supp. 3d 840 (C.D. Cal. Feb 7, 2018) ................................9, 11

*Swearingen v. Late July Snacks LLC*,
    2017 U.S. Dist. LEXIS 170928 (N.D. Cal. Oct. 16, 2016) ........................................................5

*Swearingen v. Yucatan Foods, L.P.*,
    24 F. Supp. 3d 889 (N.D. Cal. Feb. 7, 2014) ..........................................................................8

*Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*,
    No. 6:17-cv-1734-Orl-37KRS, 2018 U.S. Dist. LEXIS 79578 (M.D. Fla. Apr.
    4, 2018)........................................................................................................................9

*In re Toyota Motor Corp.*,
    790 F.Supp.2d 1152 (C.D. Cal. 2011) ........................................................................6

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003).........................................................................19

*Vicuna v. Alexia Foods, Inc.*,
    No. 11-civ-6119, 2012 U.S. Dist. LEXIS 59408 (N.D. Cal. Apr. 27, 2012) .....................15, 20

*Vicuna, v. Alexia Foods, Inc.*,
    No. C 11-6119 PJH, 2012 U.S. Dist. LEXIS 59408*5. (N.D. Cal. Apr. 27,
    2012)........................................................................................................................20

*Werdebaugh v. Blue Diamonds Growers*,
    No. 12-civ-02724, 2013 U.S. Dist. LEXIS 144178 (N.D. Cal. Oct. 2, 2013).........................7, 8

**Statutes**

15 U.S.C. § 2301(6) ..........................................................................................23

15 U.S.C. § 2301(7) ..........................................................................................23

Cal. Civ. Code §1770 (a)..................................................................................15

Cal. Com. Code § 2314 .....................................................................................22

Cal. Com. Code § 2314(f), UCC § 2-314(f)......................................................22

Cal. Com. Code § 92314(2)(c) ..........................................................................22

I.     **INTRODUCTION**

Defendant Midway Importing, Inc. markets a line of soap that is described prominently as "Natural Soap" on the front of the packaging. But the soap is not "natural." It contains titanium dioxide, sodium lauryl sulfate, and calcium carbonate. These ingredients are chemicals which no reasonable consumer would consider "natural."

Plaintiffs are California and New York purchasers of the soap and allege that they relied on and were misled by the "Natural" representation when they bought the soap. Plaintiffs assert claims under the consumer protection laws of their home states, California and New York, and seek to represent a national class of consumers.

Defendant Midway throws the kitchen sink at the complaint in an effort to have Plaintiffs' claims dismissed. Defendant offers arguments on subject matter jurisdiction, class standing, specific personal jurisdiction, failure to state a claim under consumer protection laws, and also asks for a stay based on primary jurisdiction. For the reasons below, these arguments fail.

**II. ARGUMENT**

     **A.    Standing and Jurisdiction**

Midway argues that Plaintiffs cannot assert claims on behalf of consumers of other states nor for nearly identical products that they did not purchase. Most courts address these issues at the class certification stage under Rule 23 and not as Article III standing issues. This Court should do the same. Midway also argues that Plaintiffs lack standing to seek injunctive relief. However, the Ninth Circuit squarely addressed this issue recently and decided it in favor of Plaintiffs' position. Midway then attacks this Court's specific personal jurisdiction over it with respect to the claims of consumers outside California. The U.S. Supreme recently addressed

this issue in the context of mass torts in state court, but did not change the law on personal jurisdiction as it applies here.  These arguments will be addressed in turn.

### 1.    Plaintiffs Have Standing to Sue for Products They Did Not Purchase Because the Misrepresentations At Issue Are Identical

There is no question that Plaintiffs have Article III standing to assert claims concerning the alleged misrepresentations on the specific products they purchased themselves. The question raised by Defendant's 12(b)(1) motion is whether Plaintiffs have standing to assert claims on behalf of the purchasers of the two other Midway products bearing identical misrepresentations. Def. Mem. at 6. The answer is yes.

Plaintiffs purchased the "Aloe Vera" and "Mother of Pearl" varieties of soap, not the "Oat" or "Donkey's Milk" varieties.  FAC at ¶¶ 8-13.  All four types claim to be "Natural soap" and display the "Natural soap" representation prominently on the top right of each package.  FAC ¶ 18 (pictures of packaging).

Midway contends that Plaintiffs lack Article III standing to represent purchasers of the "Donkey's Milk" and "Oat" soap.  Def. Mem. at 6.  But most courts have either found Article III standing where the products and claims at issue were "substantially similar," or analyzed this question under the requirements of Rule 23(a) at the class certification stage rather than as an Article III standing issue.  *See Coleman Anacleto v. Samsung Elecs. Am., Inc.*, No. 16-civ-02941, 2016 U.S. Dist. LEXIS 123455, at *26 (N.D. Cal. Sept. 12, 2016) (noting "[t]he majority of the courts in this district and elsewhere in California reject the proposition that a plaintiff cannot suffer injury in fact based on products that the plaintiff did not buy."); *Dorfman v. Nutramax Labs., Inc.*, No. 13-civ-0873, 2013 U.S. Dist. LEXIS 136949 at *17-20 (S.D. Cal. Sept. 23, 2013) (surveying cases); *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 992 (C.D. Cal. 2012) (question of whether plaintiff could represent purchasers of seven other products solely a Rule 23 question); *Bautista v. Cytosport, Inc.*, 223 F. Supp. 3d 182, 188 (S.D.N.Y. 2016) ("[S]ubject to further inquiry at the class certification stage,

a named plaintiff has standing to bring class action claims under state consumer laws protection for products that he did not purchase, so long as those products, and the false and deceptive manner in which they were marketed, are sufficiently similar to the products that the named plaintiff did purchase."); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 553, 541 (S.D.N.Y. 2013) ("The majority of the courts that have carefully analyzed the question hold that [standing exists] so long as the products and alleged misrepresentations are substantially similar.").

Accordingly, most courts have found standing with respect to unpurchased products (sometimes referred to as "class standing") even where the representations were more diverse than the identical "Natural soap" statements at issue here: *see Hunter v. Nature's Way Products, LLC*, No. 16-civ-532, 2016 U.S. Dist. LEXIS 107092 at *41-43 (S.D. Cal. Aug. 6, 2016) (holding plaintiff could challenge unpurchased liquid coconut oil because the representations on the label, while different from those on the purchased product, conveyed a substantially similar message  that the product was healthy); *Dorfman* at *21-22 (plaintiff has standing to pursue claims for supplements he did not buy because he "challenges the same type of supplements based on largely the same ingredients and representations."); *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 378 (N.D. Cal. 2010) (plaintiff's claims are typical of the class where the allegedly false statement was "worded in several variations" but all products "bore substantially the same misrepresentation").

The cases Midway cites in support of its argument involve products which were very different or made different misrepresentations from the products the plaintiff actually purchased.  Def. Mem. At 7.   For example, in *Johns v. Bayer Corp*., No.09-cv-1935, 2010 U.S. LEXIS 10926 (S.D. Cal. Feb 9, 2010) the court held plaintiff lacked standing to assert claims on behalf of purchasers of a health supplement because the misrepresentation that the plaintiff relied on was not present on the unpurchased product.  Plaintiffs' case is not *Johns*. *See, e.g. Ruszecki v. Nelson Bach*

*USA LTD.*, No. 12-cv-495, 2015 U.S. Dist. LEXIS 151946, * 7 (S.D. Cal. June 25, 2015) (holding that plaintiff had standing to pursue claims regarding products she did not purchase because "unlike the plaintiff in *Johns*, [plaintiff]'s alleged injuries resulted from [defendant]'s stress relief advertising campaign that was employed on the unpurchased products as well those she purchased."); *Dabish v. Brand New Energy, LLC*, No. 16-cv-400-BAS(NLS), 2016 U.S. Dist. LEXIS 167783, at *6-7 (S.D. Cal. Nov. 23, 2016) (specifically declining to follow *Johns* and its progeny  and finding standing where plaintiff challenged eight dietary supplements with different illegal adulterants based on the same misrepresentation by omission that they contained only legal ingredients).

Similarly, in *Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-01044 JSW, 2011 U.S. Dist. LEXIS 6371 (N.D. Cal. Jan. 10, 2011), Def. Mem. at 7, the plaintiff challenged two different ice-cream products with two different representations: one claiming that the product was  "The Original" and "Classic;" and the other claiming that the product had "0 g Trans Fat."  Again, Plaintiffs' case is different.  *See, e.g., Hendricks v. StarKist Co*., 30 F. Supp. 3d 917, 935 (N.D. Cal. 2014) (distinguishing *Correa* and concluding that plaintiff had standing to pursue claims against a variety of types of canned tuna because the misrepresentations regarding the amount of tuna in the cans was similar across the purchased and unpurchased products).

In *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 870-72(N.D. Cal. 2012), the court acknowledged "a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar" but found that white chocolate and chocolate chips were different products and were labeled differently. In *Dysthe v. Basic Reasearch, LLC*, No. CV 09-8013, 2011 U.S. Dist. LEXIS 138028 (C.D. Cal. June 13, 2011) the weight loss supplements at issue had different formulations and touted different benefits.  Finally, in *Kane v. Chobani, Inc*.,

Memorandum of Law in Opposition to Defendant Midway Importing, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint

No.: 12-CV-02425, 2013 U.S. Dist. LEXIS 134385, *37-38 (N.D. Cal. Sept. 19, 2013) the court held that the plaintiffs did not have standing as to unpurchased products because the plaintiff failed to allege "substantial similarity." As a court in the Northern District of California later noted, the *Kane* court "did not hold that the different yogurt products were not substantially similar. Rather, the court found that plaintiffs' complaint contained insufficient information for it "to discern . . . which products [p]laintiffs are contending contained each representation and for which products these representations were false." *Swearingen v. Late July Snacks LLC,* 2017 U.S. Dist. LEXIS 170928, *16 (N.D. Cal. Oct. 16, 2016) (plaintiffs had standing to challenge unpurchased Multigrain Snack Chips because although the non-purchased products were different flavors, the products contained the same "evaporated cane juice" misrepresentation).

Here, in contrast to the cases cited by Midway, each of the challenged Products are hand soap products which have the identical "Natural Soap" representation.  Thus, because the "natural" representations on both the purchased and unpurchased products are identical, Plaintiffs have standing to assert claims with respect to each of the challenged Products.

## 2. Whether Plaintiffs May Represent Out-Of-State Residents is an Issue for Class Certification

Defendant next argues that Plaintiffs lack standing to represent consumers in other states.  Def. Mem. at 10-11. In making this argument, Defendant conflates two entirely distinct concepts: Article III standing and the requirements of Rule 23.

The Ninth Circuit, in the context of factual differences, recently clarified the distinction: "Once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." *Melendres v.*

5

Memorandum of Law in Opposition to Defendant Midway Importing, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint

*Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 799 (2016). Here, Plaintiffs have Article III standing. A court's Article III jurisdiction:

> only extends to cases in which the plaintiff demonstrates that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision."

*Madenlian v. Flax USA, Inc.*, No. 13-civ-01748, 2014 U.S. Dist. LEXIS 181473 at *16 (C.D. Cal. Mar. 31, 2014) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000)).   The threshold for pleading Article III standing is not a high one.  "It is well settled that 'general factual allegations of injury resulting from the defendant's conduct may suffice at the pleading stage.' " *In re Toyota Motor Corp.*, 790 F.Supp.2d 1152, 1162 (C.D. Cal.  2011) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)).

In this case, Plaintiffs have asserted more than only "general allegations." Plaintiffs have alleged an economic loss by purchasing Defendant's soap at a premium in reliance on the label which stated that it the soap is "Natural."  FAC ¶¶ 3, 27, 34, 37.  Accordingly, Plaintiffs have adequately pleaded Article III standing.

The question of whether Plaintiffs may represent consumers in other states is a different one.  Plaintiffs are not seeking to apply the laws of other states to their individual claims.  Rather, they seek to represent those absent class members who do. In asking the Court to dismiss claims brought under the laws in states in which Plaintiffs do not live, Defendant is really asking the Court to rule on whether Plaintiffs may represent a national, or even multistate, class. That question is appropriately addressed at the class certification stage, not the pleading stage.

In support of its argument, Midway cites *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) (Def. Mem. at 11).  In the *Mazza* case, the Ninth Circuit reversed the district court's certification of a nationwide class based on its finding that

California's choice of law rules, applied specifically to the facts at issue, mandated application of the laws of the states in which the purchases occurred.  However, the district court made its ruling *at the class certification stage* after an extensive record was created, and the Ninth Circuit took care to limit its reversal to "the facts and circumstances of this case." *Id*. at 594.   The Court also explicitly left open the possibility of considering subclasses "with different jury instructions for materially different bodies of state law."[1]   Accordingly, "[u]ntil the Parties have explored the facts in this case, it would be premature to speculate about whether the differences in various states' consumer protection laws are material in this case."  *Forcellati v. Hyland's, Inc.*, 876 F.Supp.2d 1155, 1159 (C.D. Cal. 2012).

For these reasons, most California federal courts do not apply *Mazza'*s fact-specific class certification ruling to allegations at the pleading stage.  *See Fonseca v. Goya Foods, Inc*., No. 16-civ-02559, 2016 U.S. Dist. LEXIS 121716, at *8 (N.D. Cal. Sep. 8, 2016) ("This Court has consistently declined to apply Mazza at the motion to dismiss stage to strike nationwide class allegations.");  *Werdebaugh v. Blue Diamonds Growers*, No. 12-civ-02724, 2013 U.S. Dist. LEXIS  144178 at *56 n.9 (N.D. Cal. Oct. 2, 2013) (stating that "[t]his conclusion accords with  the Court's conclusion in [Brazil], as well as the conclusions of numerous other courts within the Ninth Circuit, which have declined, even after Mazza, to conduct the choice of law analysis at the pleading stage", and citing cases); *Forcellati* at 1159 ("Courts rarely undertake choice-of-law analysis to strike class claims at this early stage in litigation.").

---

[1] Midway also cites this Court's decision in *Harris v. CVS Pharmacy*, No. ED CV 13-02329, No. 13-02329, 2015 U.S. Dist. LEXIS 104101 (C.D. Cal. Aug. 6, 2015) in support of its argument.  Def. Mem. at 10.  However, unlike in *Harris*, Plaintiffs are not seeking to apply out of state law to their claims, only to represent similarly situated consumers.  This issue is more appropriately addressed in the context of class certification.

Accordingly, the weight of authority in California federal courts favors waiting until class certification to undertake a choice of law analysis. *See, e.g.*, *Barber v. Johnson & Johnson Co.*, No. 8:16-civ-1954, 2017 U.S. Dist. LEXIS 53591 at *26 (C.D. Cal. Apr. 4, 2017) (deferring choice of law analysis until discovery taken); *Hoffman v. Fifth Generation, Inc.*, No. 3:2014-civ-02569, 2015 U.S. Dist. LEXIS 65398 at *25 (S.D. Cal. Mar. 18, 2015) (declining to strike national class allegations and noting a thorough choice of law analysis must be undertaken before determining whether a national class can be certified); *Rhinerson v. Van's Int'l Foods, Inc.*, No. 13-civ-05923, 2014 U.S. Dist. LEXIS 90471 at *2 (N.D. Cal. July 2, 2014) ("[S]triking the class allegations at the pleading stage would be premature"); *Czuchaj v. Conair Corp.*, No. 13-civ-1901, 2014 U.S. Dist. LEXIS 54410 at *18-25 (S.D. Cal. Apr. 16, 2014) (finding choice of law analysis premature at pleading stage and declining to dismiss national class claims); *Swearingen v. Yucatan Foods, L.P.*, 24 F. Supp. 3d 889 (N.D. Cal. Feb. 7, 2014) (propriety of national class question "not appropriate at pleading stage"); *Werdebaugh v. Blue Diamonds Growers*, No. 12-civ-02724, 2013 U.S. Dist. LEXIS 144178 at *55-56 (N.D. Cal. Oct. 2, 2013) (declining to strike national class claims at the pleading stage because choice of law determination should wait until class certification stage); *Brazil v. Dole Food Co.*, No. 12-civ-01831, 2013 U.S. Dist. LEXIS 136921, at *40 (N.D. Cal. Sep. 23, 2013) (concluding that striking class allegations at pleading stage would be "premature"); *Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-civ-1142, 2013 U.S. Dist. LEXIS 33387 at *32-33 C.D. Cal. Feb. 19, 2013) (denying motion to strike nationwide class allegations where discovery had not yet commenced).

1
2

### 3.    This Court has Specific Personal Jurisdiction Over the Claims of Non-Resident Class Members

3    Midway argues that this Court lacks personal jurisdiction[2] over it for the claims
4  of non-California residents. The U.S. Supreme Court addressed this issue in *Bristol-*
5  *Myers Squibb Co., v. Superior Court of California, San Francisco*, 582 U.S. ___, 137
6  S. Ct. 1773 (2017) in the context of mass torts in state court, but left the jurisdictional
7  issue open with respect to class actions, *id.* at 1789 n.4 (Sotomayor, J. dissenting),
8  and with respect to federal court as opposed to state court, *id.* at 1783-84. Since
9  *Bristol-Myers*, most courts have held that its limitations on state court jurisdiction
10 over the mass tort claims of nonresidents do not apply to class actions.  *See In re*
11 *Chinese-Manufactured Drywall Products Liability Litigation,* MDL No. 09-2047,
12 2017 U.S. Dist. LEXIS 197612 (E.D. La. Nov. 30, 2017); *Sloan v. General Motors,*
13 *LLC.*, No. 16-cv-07244, 287 F. Supp. 3d 840, 861 (C.D. Cal. Feb 7, 2018) (citing
14 *Chinese Drywall* and concluding that *Bristol-Myers*  does not apply to federal class
15 actions); *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods.*, No. 17-
16 2161, 2018 U.S. Dist. LEXIS 43974 *13 (E.D. La. March 19, 2018) (citing *Chinese*
17 *Drywall*  and concluding that "The court finds that the material differences between
18 mass tort actions and class actions further support the finding that *Bristol-Myers* is
19 inapplicable to the instant case, a purported class action invoking federal question
20 subject matter jurisdiction."); *Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*,
21 No. 6:17-cv-1734, 2018 U.S. Dist. LEXIS 79578 * 15 (M.D. Fla. Apr. 4, 2018) (citing
22 *Chinese Drywall* and declining to apply *Bristol-Myers* in the class-action context);
23 *Alvarez v. NBTY, Inc.*, No. 17-cv-00567, 2017 U.S. Dist. LEXIS 201159 (S.D. Cal.
24 Dec. 6, 2017) (holding that *Bristol-Myers* did not change the law with regard to
25 personal jurisdiction over named plaintiffs and noting that *Bristol-Myers* was a state
26 mass tort rather than a federal class action); *Day v. Air Methods Corp.*, No. 5:17-183,

27
28

---

[2] Plaintiffs do not argue that the Court has general jurisdiction over Midway.

2017 U.S. Dist. LEXIS 174693 (E.D. Ky. Oct. 23, 2017) (declining to extend *Bristol-Myers* to a wage and hour class action suit because "the inquiry for personal jurisdiction lies with the named parties of the suit asserting their various claims against the defendant, not the unnamed proposed class members."); *Harrison v. General Motors Company*, No. 17- 3128 (W.D. Mo. Sept. 25, 2017) ("the Court finds no language in Bristol-Myers requiring or even compelling extension of the holding to class actions . . . it is unclear whether Bristol-Myers even applies to federal courts"); *Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, No. 17-cv-00564, 2017 U.S. Dist. LEXIS 155654 * 15 (N.D. Cal. Sep. 22, 2017) ("[T]he Supreme Court did not extend its reasoning to bar the nonresident plaintiffs' claims here, and Bristol-Myers is meaningfully distinguishable based on that case concerning a mass tort action, in which each plaintiff was a named plaintiff.").

With respect to class actions, the key to the *Chinese Drywall* court's analysis, which was adopted by the other courts, was its examination of the two major differences between mass torts and class actions.  First, the court noted that "[i]n a mass tort action, like the one in [*Bristol-Myers*], each plaintiff was a real party in interest to the complaints, meaning that they were named as plaintiffs in the complaints. A class action, on the other hand, generally involves one or more plaintiffs who seek to represent the rest of the similarly situated plaintiffs." Second, the court noted that class actions are subject to additional due process safeguards which mass torts are not, namely the rigorous requirements for certification under Rule 23. *Id*. at *37.

With respect to application in federal court, since the Supreme Court expressly "le[ft] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court," *Bristol-Myers* at 1783-84, courts have hesitated to apply the reasoning of *Bristol-Myers* to federal court because the concerns about state sovereignty which animated *Bristol-Myers* are not present in

federal court.  As the Supreme Court explained, "restrictions on personal jurisdiction are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States." *Bristol-Myers* at 1780 (internal quotations omitted).

Such federalism concerns are inapplicable in state court.  *See, e.g., Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) ("a federal court sits as a unit of the national government and, therefore, the territorial limitations that apply to the exercise of state court jurisdiction…are inapposite."); *Mut. Int'l Exp. Co. v. Napco Indus., Inc.*, 316 F.2d 393, 395 n.8 (D.C. Cir. 1963) ("Constitutionally, federal courts, because of their national character, are not inhibited in exercising their jurisdiction by state territorial limitations.") (citing *Hanson v. Denckla,* 357 U.S. 235, 251 (1958)).  Courts have declined to extend *Bristol-Myers* to federal cases based on this distinction.  *See Chinese Drywall*, 2017 U.S. Dist. LEXIS 197612, * 55-56 ("In this case, federalism concerns do not apply. BMS is about limiting a state court's jurisdiction when it tried to reach out-of-state defendants on behalf of out-of-state plaintiffs in a mass action suit. That scenario is inapplicable to nationwide class actions in federal court . . ."); *Harrison v. General Motors Company*, No. 17- 3128, at 12 (W.D. Mo. Sept. 25, 2017) ("*Bristol-Myers* concerned the due process limits of specific jurisdiction by a State"); *Sloan v. GM, LLC*, 287 F. Supp. 3d 840, 858 (N.D. Cal. Feb. 7, 2018) ("In contrast to *Bristol-Myers*, the due process right does not obtain here in the same manner because all federal courts, regardless of where they sit, represent the same federal sovereign, not the sovereignty of a foreign state government.").   Accordingly, this Court has personal jurisdiction over Midway for the claims of Mr. Rivera and other consumers outside California.

### 4.   Plaintiffs Have Standing to Sue for Injunctive Relief

Midway argues that Plaintiffs lack standing to pursue injunctive relief

because Plaintiffs now know the truth about the Products and can no longer be deceived by the labeling.  Def. Mem. at 11-12.  The Ninth Circuit squarely addressed this issue and resolved it in Plaintiffs' favor last year:

> We hold that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm.

*Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1115 (9th Cir. 2017). The Ninth Circuit reasoned that "Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to."

That is exactly the posture in which Plaintiffs find themselves with respect to Defendant's products.  Plaintiffs have alleged that they would like to purchase the soaps again in the future, but will not because they cannot rely on Midway's representations that the soaps are natural.  FAC ¶¶ 9,11,13.

Courts in the Ninth Circuit have consistently held that such an allegation is sufficient to seek injunctive relief from future harm.  *Lanovaz v. Twinings N. Am., Inc.*, No. C-12-02646-RMW, 2014 U.S. Dist. LEXIS 1639, *10 (N.D. Cal. Jan 6, 2014) (rejecting defendant's argument that plaintiff could not establish a significant possibility of future harm because she stopped buying ice tea products falsely labeled as having "Natural Source of Antioxidants"); *Ries v. Arizona Beverages*, 287 F.R.D. 523, 533 (N.D. Cal. 2012) (holding that plaintiffs continue to be injured by misleading "natural" labels because they cannot rely on the accuracy of labels whenever they go to the store, and permitting plaintiff to seek injunctive relief); *see also Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 U.S. Dist. LEXIS

176971, *16-17 (N.D. Cal. Dec. 13, 2012) (holding that plaintiff had standing to seek injunctive relief against misleading salad dressing labels because "To do otherwise would eviscerate the intent of the California legislature in creating consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief.").

In a footnote where Midway acknowledges the existence of the *Davidson* decision, Def. Mem. at 12 n.2, Midway argues that Plaintiffs' claims do not fall within the logic of *Davidson* because Plaintiffs could determine the truth or falsity of future representations just by looking at the ingredients. First, this argument has been thoroughly rejected because reasonable consumers are not expected to scour a label to ensure that product representations are not false. *See Williams v. Gerber Prods. Co*., 552 F.3d 934, 939 (9th Cir. 2008); ("We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception."). Consumers are not required to travel with a list of synthetic substances to double check whether an ingredient is natural. Second, this argument this case is not about misrepresentations in the ingredients lists. It is about characterizing those ingredients as "natural" when no reasonable consumer would consider them as such.

Accordingly, Plaintiffs have standing to seek injunctive relief.

### 5. The Court Has Jurisdiction Over Plaintiffs' Magnuson-Moss Claims

Midway argues that Plaintiffs have not met the jurisdictional requirements of the MMWA, including the requirements that individual claims must exceed $25, products must cost more than $5, and there must be over 100 plaintiffs. Def. Mem. at 20-21. However, since jurisdiction is conferred separately and independently by the Class Action Fairness Act, FAC ¶ 5, Plaintiffs do not need to satisfy those

requirements.  "Consistent with every Court of Appeals to address the issue and the vast majority of district courts…where the jurisdictional prerequisites of CAFA are satisfied, [a court] may exercise subject-matter jurisdiction over a claim under the MMWA without regard for whether the jurisdictional prerequisites of that statute are also met." *Weisblum* at 295; *see also Keegan v. Am. Honda Motor Co*, 838 F. Supp. 2d 929, 954, (C.D. Cal. Jan 6, 2012) (collecting cases concluding that the jurisdictional requirements of MMWA are satisfied when plaintiffs properly invoke jurisdiction under CAFA).  *See also Harris* at 22-23 (Birotte, J.) (acknowledging CAFA as alternative jurisdictional ground over MMWA claims).

### B.   Plaintiffs Have Adequately Pleaded Their Causes of Action

Midway also attacks Plaintiffs' causes of action on substantive grounds.  Its main argument is that the "Natural soap" representation on the package is not actionable because it cannot be taken literally and no reasonable consumer, as a matter of law, would be misled into believing that "Natural soap" means that the product is free of synthetic ingredients.

However, the overwhelming majority of courts in California and New York which have faced the issue of an alleged "natural" misrepresentation on a personal care or food product have found that what a reasonable consumer would believe cannot be decided at the pleading stage.

In evaluating Defendants' motion to dismiss under Rule 12(b)(6), the Court must accept Plaintiffs' "well-pleaded factual allegations" as true and draw all reasonable inferences in the Plaintiffs' favor.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  While the complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the allegations must "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."
*Iqbal*, 556 U.S. at 678.

### 1.   What a Reasonable Consumer Would Believe Cannot be Decided at the Pleading Stage

Midway argues that no reasonable consumer could possibly believe that a package labeled "Natural Soap" could contain soap that is composed of natural, i.e., nonsynthetic, ingredients. Def. Mem. at 14-17. But such arguments are soundly rejected under both California and New York consumer statutes because these issues are not suited for disposition on a 12(b)(6) motion. *See Astiana v. Hain Celestial Grp., Inc.*, No. 12-17596, 2015 U.S. App. LEXIS 5833, at *10-11 (9th Cir. Apr. 10, 2015) (reversing a district court decision to dismiss a consumer fraud action against a manufacturer for its personal care products that claimed to be "all natural" or "pure natural"); *Vicuna v. Alexia Foods, Inc.*, No. 11-civ-6119, 2012 U.S. Dist. LEXIS 59408 at * 5 (N.D. Cal. Apr. 27, 2012) (meaning of term "All Natural" to reasonable consumer cannot be decided on motion to dismiss); *Morales v. Unilever U.S., Inc.*, CIV. 2:13-2213, 2014 U.S. Dist. LEXIS 49336 at *27 (E.D. Cal. Apr. 9, 2014) (denying motion to dismiss claims involving shampoos and conditioners labeled "naturals"); *Fagan v. Neutrogena Corp.*, Civ. No. 5:13–1316, 2014 U.S. Dist. LEXIS 2795 at *6 (C.D. Cal. Jan. 8, 2014) (denying motion to dismiss when defendant claimed that its sunscreen was "100% naturally sourced"); *Brown v. Hain Celestial Grp.*, Inc., 913 F. Supp. 2d 881, 899 (N.D. Cal. 2012) (denying motion to dismiss challenge to face and body products labeled pure, natural and organic); *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 566 (S.D.N.Y. 2016) (denying motion to dismiss New York consumer claims related to misleading "natural", "naturally derived", and other labels because "whether Honest's products are misleading to a reasonable consumer is a question of fact better suited for the jury"); *Hidalgo v. Johnson & Johnson Consumer Cos., Inc.,* 148 F. Supp. 3d 285, 295 (S.D.N.Y. 2015)

1   ("[U]sually [the reasonable consumer] determination is a question of fact.") (quoting

2   *Goldemberg v. Johnson & Johnson Consumer Cos., 8 F. Supp.* 3d 467, 478 (S.D.N.Y.

3   2014)); *Segedie* at *30 (S.D.N.Y. May 7, 2015) (same, regarding "natural" label);

### 2.   Plaintiffs' Misrepresentation Claims Should Be Upheld

5   In any event, allegations that a "natural" labeled product is not natural is

6   sufficient to state a claim under California and New York law.  And contrary to

7   Midway's argument, avoiding phrases such "100% natural" or "all natural" do not

8   insulate it from liability.  Def. Mem. at 17.  For example, under California law, *see:*

9   *Brenner v. Proctor & Gamble Co.*, No. 15-civ-1093, 2016 U.S. Dist. LEXIS 187303

10   at *18 (C.D. Cal. Oct. 20, 2016) (denying motion to dismiss "natural"

11   misrepresentations claims under California law because there is not "a bright-line rule

12   holding that "natural" claims without "100%" or "all" can never be actionable");

13   *Morales v. Unilever United States, Inc.,* No. 2:13-2213, 2014 U.S. Dist. LEXIS

14   49336, *22-23, (E.D. Cal. Apr. 9, 2014) ("Despite defendant's contention that a

15   cosmetic product cannot be natural, numerous courts have denied motions to dismiss

16   claims alleging that cosmetic products were falsely labeled as 'natural'); *Janney v.*

17   *Gen'l Mills,* No. 12-civ-03919, 2014 U.S. Dist. LEXIS 41452 at *9 (N.D. Cal. Mar.

18   26, 2014) (claim stated where plaintiff alleged "natural" product continued high

19   fructose corn syrup, high maltose corn syrup and maltodextrin); *Aguiar v. Merisant*

20   *Co*., No. 14-civ-00670, 2014 U.S. Dist. LEXIS 165301 at *10 (C.D. Cal. March 24,

21   2014) (finding that allegations that ingredients isomaltulose and dextrose were

22   "synthetic" as term used in dictionary required "no further factual enhancements" to

23   state claim*); Jou v. Kimberly-Clark Corp.*, 13-civ-03075, 2013 U.S. Dist. LEXIS

24   173216 at *5-8 (N.D. Cal. Dec. 10, 2013) (claim stated where plaintiff alleged "pure

25   & natural" product contained polypropylene and sodium polyacrylate);  *Brown v.*

26   *Hain Celestial Grp*., 913 F. Supp. 2d 881, 898 (N.D. Cal. 2012) (denying motion to

27

28

Memorandum of Law in Opposition to Defendant Midway Importing, Inc.'s Motion to Dismiss Plaintiffs' First
Amended Complaint

dismiss when defendant claimed that various cosmetic products were "pure, natural, and organic").

With respect to courts which have denied similar motions under New York's GBL 349, *see: Sitt v. Nature's Bounty, Inc.*, No. 15-civ-4199, 2016 U.S. Dist. LEXIS 131564 at *26-40 (E.D.N.Y. Sept. 26, 2016) (denying motion to dismiss GBL claims based misleading "Natural Whole Herb" and "Natural Menopausal Relief" labels); *Silva v. Smucker Natural Foods, Inc*., 2015 U.S. Dist. LEXIS 122186 (E.D.N.Y. Sept. 14, 2015) (rejecting defendant's argument that, as a matter of law, no reasonable consumer could be similarly misled by the term "natural" into thinking that the products were exclusively natural); *Segedie v. Hain Celestial Grp., Inc*., No. 14-civ-5029 (NSR), 2015 U.S. Dist. LEXIS 60739 at *30 (S.D.N.Y. May 7, 2015) ("[I]t is enough that Plaintiffs allege that "natural" communicates the absence of synthetic ingredients."); *Goldemberg v. Johnson & Johnson Consumer Cos*., 2014 U.S. Dist. LEXIS 47180, *27 (S.D.N.Y Mar. 27, 2014) ("[we] cannot find as a matter of law that no reasonable consumer could be misled by [the term 'Active Naturals'] into believing the products contain exclusively natural ingredients.").

In contrast, case law supporting Midway's position is relatively sparse and involves fact patterns that are extreme.  For example, Defendant cites *Pelayo v Nestle USA, Inc*., 989 F. Supp. 2d 973 (C.D. Cal. 2013) in support of its argument that no reasonable consumer would expect the soap to be natural just because the package said so.  Def. Mem. at 17.  *Pelayo*'s conclusion comports with Midway's argument here, but *Pelayo* has been rejected by other courts.  *See, e.g*., *Jou v. Kimberly-Clark Corp*., No. No.:C-13-03075, 2013 U.S. Dist. LEXIS 173216, *31-32 (N.D. Cal. Dec. 10, 2013) (holding that *Pelayo* "is at odds with basic logic, contradicts the FTC statement on which it relies, and appears in conflict with the holdings of many other courts, including the Ninth Circuit. This Court accordingly declines to follow *Pelayo's* holding.").  *See also Segedie* at *30-31(S.D.N.Y. 2015) (distinguishing

*Pelayo* and holding that "it is enough that Plaintiffs allege that 'natural' communicates the absence of synthetic ingredients. Ultimately, the question is one of reasonableness, which cannot be resolved on a Rule 12(b)(6) motion.").

Midway's other cases, *Barrett v. Milwaukee Elec. Tool, Inc.*, No. 14-1804 JAH, 2016 U.S. Dist. LEXIS 122688, *15-16 (S.D. Cal. Jan 26, 2016) and *In re 100% Parmesan Cheese Mktg & Sales Practices Litig.* 275 F. Supp. 3d 910, 923 (N.D. Ill. 2017) (Def. Mem. at 17) do not involve "natural" representations and offer little assistance.

In sum, the great majority of courts have found that allegations similar to those of the Plaintiffs' are sufficient to state a claim.

### 3.    Plaintiffs State a Claim Against Midway

Midway argues that it should escape liability for the misrepresentations on the box since it did not package the products itself.  Def. Mem. at 13.  The complaint, however, alleges that Midway was involved in the advertising and marketing of the Products, quoting Defendant's own website which touts "a support strategy that includes marketing & promotions." FAC ¶ 16.  At the motion to dismiss stage, this allegation is sufficient to state a claim against Midway.

Even in the event that Midway did not produce the packaging for the Products, that is not a requirement.  New York's GBL § 349 is a broad statute: "Deceptive acts or practices in the conduct of any business, trade or commerce …in this state are hereby declared unlawful."  Similarly, California's CLRA covers "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to ant consumer are unlawful."  Cal. Civ. Code §1770 (a).  Plaintiffs have alleged conduct by Midway that fits within the broad ambit of these statutes.

1

     **4.**     **Plaintiffs' Allegations Satisfy the Requirements of Rule 9(b)**

2         Plaintiffs are not required to meet the heightened pleading requirements of

3   Rule 9(b).  Plaintiffs have alleged that the "Natural" misrepresentations are likely to

4   deceive a reasonable consumer.  FAC ¶ 32.  Such allegations do not sound in fraud

5   without traditional common law fraud elements such as intent.  *See In re Mattel,*

6   *Inc.*, 588 F.Supp. 2d 1111, 1118 (C.D. Cal. 2008).  However, in any case, Plaintiffs'

7   allegations are sufficient to satisfy Rule 9(b).  The Rule 9(b) standard requires the

8   plaintiff set forth "the who, what, when, where and how of the misconduct charged."

9   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal

10  quotation marks omitted).

11        In their complaint, Plaintiffs have set forth the details of the misconduct:

12  Midway (who) (FAC ¶ 14) markets soap as "Natural" when it contains synthetic

13  ingredients (what) (FAC ¶¶ 2, 18-20) which Plaintiffs purchased during the class

14  period at retail stores (when, where) (FAC ¶¶ 8-13)  and relied on the "natural"

15  misrepresentation in making their purchases and suffered economic loss as a result

16  (how) (FAC ¶¶ 3, 27,33).

17        Courts have held that similar allegations satisfied Rule 9(b)'s heightened

18  pleading standard. *See, e.g.*, *In re ConAgra Foods, Inc.*, 908 F. Supp. 2d 1090, 1100

19  (C.D. Cal. 2012) (holding that plaintiff's claims satisfied the requirements of FRCP

20  9(b) pleading where plaintiff alleged that the misleading representation appeared on

21  the labels, that the representation appeared on product labels throughout the class

22  period, that the plaintiff's typically viewed the labels in their homes after purchasing

23  the products, and described plaintiffs' views as to why genetically modified products

24  cannot be considered "natural."); *Frito Lay* at *73 (plaintiffs satisfied Rule 9(b)

25  because they "allege[d] that defendants PepsiCo and Frito-Lay (the 'who') falsely

26  stated that the products are 'All Natural,' but in fact, are not . . . (the 'what')," and

27  further alleged "[w]hen the defendants labeled, and the plaintiffs purchased, the

28

products between January 1, 2010 and the present (the 'when'), the plaintiffs relied on this representation, which was placed prominently on the products' packaging (the 'where')." The same level of detail is provided in Plaintiffs' allegations.

### 5.   Plaintiffs Have Stated Claims For Breach Of Express Warranty under California and New York Law.

Midway next attacks Plaintiffs' warranty claims on grounds similar to those upon which it bases its arguments against Plaintiffs' statutory claims.   That is, Midway downplays the "Natural soap" representations as unimportant.  Def. Mem. at 19.

Under California law, "To state a claim for breach of express warranty, a plaintiff must allege facts sufficient to show that (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Vicuna v. Alexia Foods, Inc.*, No. C 11-6119, 2012 U.S. Dist. LEXIS 59408 *5. (N.D. Cal. Apr. 27, 2012).  Midway's "Natural soap" statement is just such an "affirmation of fact."  *See Parker v. J.M. Smucker Co.*, No. C 13-0690, 2013 U.S. Dist. LEXIS 120374 *20 (N.D. Cal. Aug 23, 2013) (holding that "all natural" was an express warranty and not mere puffery); *Aguiar v. Merisant Co.*, No. 14-00670-RGK-AGRx, 2014 U.S. Dist. LEXIS 165301 *21 (C.D. Cal. March 24, 2014) (same); *Vicuna* at *6 ("All Natural" designation was a "statement of fact" and constituted express warranty).

Similarly, under New York law, any "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty." *Frito-Lay* at 84 (holding "natural" representations was statement of fact"); *Ault v J.M Smucker Co.*, No. 13 Civ. 3409 (PAC), 2014 U.S. Dist. LEXIS 67118 at *20-21(S.D.N.Y. May 15, 2014) ("natural" representation constitutes "an actionable warranty").  Accordingly, Plaintiffs have stated a claim for breach of express warranty.

Midway argues that privity is a requirement for a claim of breach of express warranty under New York law.  But privity is not required where a plaintiff seeks only economic damages or where a plaintiff challenges public misrepresentations such as labels on products. *See Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199, 2016 U.S. Dist. LEXIS 131564 at *52-54 (E.D.N.Y. Sep. 26, 2016) ("New York state courts and courts in this Circuit have also specifically held that New York law does not require privity for an express warranty claim where a plaintiff challenges advertising or sales literature."); *Weisblum* at 295 ("[C]ourts have held that a plaintiff need not be in privity with a defendant to bring [an express warranty] claim based on misrepresentations contained in public advertising or sales literature").  Both those circumstances are present here.

First, as acknowledged by the court in *Sitt* and in *Mahoney v. Endo Health Solutions, Inc.,* No. 15-CV-9841, 2016 U.S. Dist. LEXIS 94732 (S.D.N.Y. July 20, 2016), the New York Court of Appeals has long since dispensed with the privity requirement where the plaintiff seeks only economic damages. *Mahoney* at *16-19 (citing *Randy Knitwear, Inc. v. Am. Cyanamid Co.*, 11 N.Y.2d 5, 16 (1962), *Jesmer v. Retail Magic, Inc.*, 863 N.Y.S.2d 737, 739 (2d Dep't. 2008) and *Murrin v. Ford Motor Co.*, 756 N.Y.S.2d 596, 597 (2d Dep't. 2003)).  Here, Plaintiffs are only seeking economic damages. FAC ¶¶ 60, 72, 82, 93, 103, 112, 121, 131, 138.

Second, courts have held that where plaintiff challenges a representation made by a defendant on a product label or advertisement, the plaintiff need not be in privity with the defendant. *See Goldemberg,* 8 F. Supp. 3d at 482 (holding with respect to natural" label, "A buyer may bring a claim against a manufacturer from whom he did not purchase a product directly, since an express warranty may include specific representations made by a manufacturer in its sales brochures or advertisements."); *Brady* at 235 (express warranty claim based on challenge to supplement labels upheld); *Weisblum* at 295 (breach of warranty claim based on challenges to

advertising and product packaging of cold remedy upheld). Similarly, in this case, Mr. Rivera is challenging representations on the labels of the soap.

Defendants cite *Koenig v. Boulder Brands, Inc*., 995 F. Supp. 2d 274 (S.D.N.Y. 2014) and *DiBartolo v. Abbott Labs.*, 914 F.Supp.2d 601, 624-25 (S.D.N.Y. 2012) in support.  Def. Mem. at 20.  But these cases are outliers and garner little support.  *See Weisblum* at 295 (declining to follow *Koenig*); *Mahoney* at 19 (declining to follow *Koenig*); *Sitt* at 52 (declining to follow *Koenig*); *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Practices & Prods. Liab. Litig.*, No. MD 16-2695, 2017 U.S. Dist. LEXIS 210549 at *338 (D.N.M. Dec. 21, 2017) (finding "The Court of Appeals of New York has concluded that privity is not required against a manufacturer or the advertiser for economic loss" and declining to follow *Koenig*).  Also, the *DiBartolo* decision did not base its dismissal of plaintiff's express warranty claims on a lack of privity but only stated that "privity is normally an essential element of a cause of action for express warranty." *Id.* at *624 (internal citations and quotations omitted). Given the weight of authority against this statement, *DiBartolo* offers little support.

**6.      Plaintiffs Prudencio and Quintero Have Stated Claims for Breach of Implied Warranty Under California Law**

Plaintiffs Prudencio and Quintero, residents of California, have stated a claim for a breach of implied warranty under California law.  California recognizes the implied warranty of merchantability in its Commercial Code.  Cal. Com. Code § 2314.  The language tracks that of the Uniform Commercial Code, establishing particular attributes of "merchantable" goods, among them, that they be fit for their ordinary purposes. Cal. Com. Code § 92314(2)(c); UCC § 2-314.  Also required, however, is that goods are warranted to "conform to the promises or affirmations of fact on made on the container or label, if any."  Cal. Com. Code § 2314(f), UCC § 2-314(f).  Here, Mr. Prudencio and Ms. Quintero have alleged that the soaps do not conform with the "promise or affirmation of fact" that the soaps are natural.

Accordingly, they have stated a claim for breach of implied warranty of merchantability under California law.

Mr. Rivera, who is a resident of New York, acknowledges that Midway has the better of the argument on his implied warranty claims under New York law and withdraws that claim.

### 7.    Plaintiffs' Magnuson-Moss Claims Should Not Be Dismissed

Next, Midway argues that its "Natural soap" label is not a warranty under the MMWA.  While the MMWA provides a federal class action remedy for express and implied breach of warranty claims, it "merely incorporates and federalizes state-law breach of warranty claims". *Brady* at 234 (citations and quotations marks omitted).

Therefore, "th[e] disposition of [] state law warranty claims determines the disposition of the Magnuson-Moss Act claims." *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 249 (2d Cir. 1986) (holding that state law governs implied warranty claims under the MMWA); *Sitt* at 57 (denying motion to dismiss MMWA claim where plaintiff stated an express warranty claim).   Since Midway's representations constitute an express warranty under California and New York law, they also constitute one under the MMWA.

Further, and separately, Plaintiffs' Magnuson-Moss claims with respect to state law implied warranties should not be dismissed.  The statutory definition of an implied warranty under the Magnuson-Moss Act is broader than that of an express warranty. *Compare* 15 U.S.C. § 2301(6) (express warranty must promise "specified level of performance over a specified period of time") with 15 U.S.C. § 2301(7) (implied warranty requires "sale by a supplier of a consumer product").   Accordingly, Plaintiffs' Magnuson-Moss claims based on implied warranties will "stand or fall" with Plaintiffs' state law implied warranty claims. *Clemens v. DaimerChrysler Corp.,* 534 F.3d 1017, 1022 (9th Cir. 2008).  Since Plaintiffs Prudencio and Quintero have

adequately pleaded their implied warranty claims, their Magnuson-Moss claims should not be dismissed.

### C.   Plaintiff's Claims Should Not be Stayed

Midway's argument that the case should be stayed and deferred to the primary jurisdiction of the FDA, Def. Mem. at 22, should be rejected for two reasons.   First, the anticipated FDA guidance on the term "natural" is limited to food products. It does not include personal care products like soap.   Second, a determination on whether a reasonable consumer would consider a product "natural" if it contains titanium dioxide or sodium lauryl sulfate is an issue "within the conventional experience of judges" and does not require FDA expertise.

Since this case involves soap, it does not warrant application of the primary jurisdiction doctrine.  For example, the court in *Petrosino* found that ("[T]he FDA's definition of 'natural' with regards to human food products would not be particularly helpful.  As instructive as that definition may be, it ultimately involves a significantly different subject matter, namely, food products instead of cosmetics."). *Id.* at *30.

Additionally, the FDA has explicitly and affirmatively declined to make a determination regarding the term "natural" in cosmetic or personal care labeling, and thus a stay would be unwarranted and inappropriate. *Astiana v. Hain Celestial Grp., Inc.*, No. 11-civ-6342, 2015 U.S. Dist. LEXIS 138496, *2 (N.D. Cal. Oct. 9, 2015), (ruling that a letter by the FDA explicitly shows that the "agency is aware of but has expressed no interest in the subject matter of the litigation" (i.e., "natural" within the context of cosmetic labeling).  Accordingly, there is no basis for a stay.

Next, contrary to Defendant's argument, Def. Mem. at 23, resolution of the issues in this case do not require the FDA's expertise.  The primary jurisdiction doctrine "is not designed to secure expert advice from agencies every time a court is presented with an issue conceivably within the agency's ambit." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008)).  Here, "'[t]his case is far less about science than

24

it is about whether a label is misleading,' and the reasonable-consumer inquiry upon which some of the claims in this case depend is one to which courts are eminently well suited, even well versed." *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 898 (N.D. Cal. 2012).   Therefore, "[d]etermining whether a reasonable consumer acting reasonably would find the term 'natural' deceptive when a product contains both natural and synthetic ingredients is a question this Court and Jury are well suited to entertain." *Petrosino*, 2018 U.S. Dist. LEXIS 55818, at *29; *Garcia v. Kashi, Co.*, 43 F. Supp. 3d 1359, 1380 (S.D. Fla. 2014) (holding that determination of whether defendants' "all natural" and "nothing artificial" representations on their products' labeling are misleading "is not a technical area in which the FDA has greater technical expertise than the courts—as every day courts decide whether conduct is misleading.").

### D. LEAVE TO AMEND REQUESTED

Should the Court grant Defendant's motion, Plaintiffs request leave to amend to cure any pleading deficiencies. *See, e.g. Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment.").

### III.  CONCLUSION

For the reasons stated above, Defendant's motion should be denied in its entirety.

Dated:        June 21, 2018

                                                    Respectfully Submitted,

                                          By /s/_____
                                                David R. Shoop, SBN 220576
                                                Thomas S. Alch, SBN 135860
                                                SHOOP, A PROFESSIONAL LAW
                                                CORPORATION
                                                350 S. Beverly Drive, Suite 330
                                                Beverly Hills, CA 90212
                                                Tel: (310) 277-1700


                                                Jason Sultzer
                                                Adam R. Gonnelli
                                                THE SULTZER LAW GROUP, P.C.
                                                85 Civic Center Plaza, Suite 104
                                                Poughkeepsie, NY 12601
                                                Tel: 845-483-7100
                                                *sultzerj@thesultzerlawgroup.com*
                                                *gonnellia@thesultzerlawgroup.com*

                                                *Counsel for Plaintiffs and the Class*


                            **Local Rule 5-4.3.4 Certification**

        I hereby attest that all other signatories listed, on whose behalf this filing is

submitted, concur in the filing's content and have authorized this filing.

                                                        */s/*

                                                David R. Shoop

26