Michael L. Mallow (SBN 188745)
mmallow@sidley.com
Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9662
Facsimile: +1 310 595 9501

Rachael A. Rezabek (SBN 298711)
rrezabek@sidley.com
Alexandria V. Ruiz (SBN 313286)
aruiz@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, 40th Floor
Los Angeles, CA 90013
Telephone: +1 213 896 6666
Facsimile: +1 213 896 6600

Attorneys for Defendant
MIDWAY IMPORTING, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY RIVERA, BALMORE PRUDENCIO, AND MICHELLE QUINTERO, individually on behalf of themselves and all others similarly situated, and John Does (1-100) on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDWAY IMPORTING, INC.,<br><br>Defendant. | Case No.  2:18-cv-01469-AB-RAO<br><br>Assigned to: Hon. Andre Birotte, Jr.<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT MIDWAY IMPORTING, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:        August 10, 2018<br>Time:        10:00 a.m.<br>Ctrm.:       7B<br><br>Complaint Filed:  February 22, 2018 |

233481168

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 2

I.   The California Plaintiffs Lack Standing to Bring Non-California Claims .......... 2

II.   The Court Lacks Jurisdiction over Claims by Non-California Purchasers .......... 4

III.   Plaintiffs Lack Standing to Seek Injunctive Relief ............................................... 6

IV.   Plaintiffs Lack Standing as to Products Not Purchased ...................................... 7

V.   Plaintiffs Cannot Support Any False Advertising Claim Against Midway ......... 9

    A.   Plaintiffs' Allegations Fail to Satisfy Rule 9(b) ........................................ 9

    B.   Plaintiffs Fail to State a Claim that the Phrase "Natural Soap" is False or Misleading ................................................................................................. 10

VI.   Plaintiffs Cannot Support Any Breach of Warranty Claims .............................. 11

VII.   Plaintiffs' Claims Should be Stayed ................................................................. 13

VIII.   Plaintiffs Should Not be Allowed Leave to Amend .......................................... 15

CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aftermarket Automotive Lighting Products Litig.*,
No. 09 MDL 2007-GW, 2009 WL 9502003 (C.D. Cal. July 6, 2009) ..................... 3

*Amchem Prods., Inc., v. Windsor*,
521 U.S. 591 (1997)............................................................................. 5

*Arroyo v. TP-Link USA Corp.*,
15-cv-04999, 2015 WL 5698752 (N.D. Cal. Sept. 29, 2015) ................................. 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................ 10

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ................................................................. 14

*Ault v. J.M. Smucker*,
No. 13 Civ. 3409(PAC), 2014 1998235 (S.D.N.Y. May 15, 2014)...................... 12

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................ 10

*Bristol-Myers Squibb Co. v. Superior Court of California*,
137 S. Ct. 1773 (2017)............................................................... 1, 4, 5, 6

*Buonasera v. Honest Co.*,
208 F. Supp. 3d 555 (S.D.N.Y. 2016) ...................................................... 7

*Carcone v. Gordon Heating & Air Conditioning Co., Inc.*,
212 A.D. 2d 1017 (N.Y. App. Div. 1995) ............................................... 12

*In re Chinese-Manufactured Drywall Products Liability Litig.*,
MDL No. 09-2047, 2017 WL 5971622 (E.D. La. Nov. 30, 2017) ...................... 6

*Davidson v. Kimberly-Clark Corp.*,
873 F.3d 1103 (9th Cir. 2017), *amended and superseded*, 889 F.3d
956 (9th Cir. 2018) ..................................................................... 1, 6, 7

*In re Dental Supplies Antitrust Litig.*,
No. 16 Civ. 696, 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) ...................... 5

*Dorfman v. Nutramax Laboratories, Inc.*,
No. 13cv0873 WQH, 2013 WL 5353043 (S.D. Cal. Sept. 23, 2013)................... 9

*Dyson v. Bayer Corp.*,
No. 17-cv-2584, 2018 WL 534375 (E.D. Mo. Jan. 24, 2018) ........................ 4

*Dysthe v. Basic Research LLC*,
No. CV 09- 8013, 2011 WL 5868307 (C.D. Cal. June 13, 2011)...................... 9

*In re Frito-Lay N. Am. Inc. All Natural Litig.*,
No. 12–MD–2413 (RRM), 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) .................................................................................... 11, 12

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
8 F. Supp. 3d 467 (S.D.N.Y 2014) ........................................ 12

*Harris v. CVS Pharmacy Inc.*,
No. ED CV 13–02329–AB(AGRx), 2015 WL 4694047 (C.D. Cal. Aug. 6, 2015) ................................................................ 1, 2, 3

*Heidelberg USA, Inc., v. PM Lithographers, Inc.*,
No. CV 17-02223-AB, 2017 WL 7201872 (C.D. Cal. Oct. 19, 2017) .................. 13

*Hill v. Roll Int'l Corp.*,
195 Cal. App. 4th 1295 (2011) ............................................. 11

*Holt v. Foodstate, Inc.*,
No. 15-cv-78, 2015 WL 9592534 (S.D. Cal. Dec. 31, 2015).................................... 8

*Hunter v. Nature's Way Products*,
LLC, No. 16cv532-WQH, 2016 WL 4262188 (S.D. Cal. Aug. 12, 2016) ...................................................................................... 9

*Kane v. Chobani, Inc.*,
No. 12–CV–02425–LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) ...................................................................................... 11

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ............................................... 10

*Lanovaz v. Twinings N. Am., Inc.*,
726 Fed. Appx. 590 (9th Cir. 2018) ........................................ 7

*LDGP, LLC v. Cynosure, Inc.*,
No. 15 C 50148, 2018 WL 439122 (N.D. Ill. Jan. 16, 2018).................................... 4

*MacDougall v. Am. Honda Motor Co., Inc.*,
No. 8:17-cv-01079-AG-DFM, Dkt. 53 (C.D. Cal. Dec. 4, 2017) .......................... 13

*McDonnell v. Nature's Way Prods., LLC*,
No. 16 C 5011, 2017 WL 4864910 (N.D. Ill. Oct. 26, 2017) .................................... 4

*Miller v. Ghirardelli Chocolate Co.*,
912 F. Supp. 2d 861 (N.D. Cal. 2012)................................... 8, 9

*Paramount Farms Intern. LLC v. Ventilex B.V.*,
500 Fed. Appx. 586 (9th Cir. 2012) ...................................... 13

*Pardini v. Unilever United States, Inc.*,
961 F. Supp. 2d 1048 (N.D. Cal. 2013)................................... 3

*Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*,
No. 16-665, 2017 WL 3129147 (E.D. Pa. July 24, 2017)........................................ 4

iii

*Rooney v. Cumberland Packing Corp.*,
   No. 12-cv-0033-H, 2012 WL 1512106 (S.D.Cal. Apr. 16, 2012)...........................11

*Rosillo v. Annie's Homegrown Inc.*,
   No. 17-cv-02474-JSW, 2017 WL 5256345 (N.D. Cal. Oct. 17, 2017)...................14

*Rubenstein v. The Gap, Inc.*,
   14 Cal. App. 5th 870, 877 (2017) ...........................................................................11

*Rugg v. Johnson & Johnson*,
   No. 17-cv-05010-BLF, 2018 WL 3023493 (N.D. Cal. June 18, 2018) ...................7

*Salameh v. Tarsadia Hotel*,
   726 F.3d 1124 (9th Cir. 2013) ...............................................................................15

*In re Samsung Galaxy Smartphone Marketing and Sales Practices Litig.*,
   No. 16-cv-06391-BLF, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018)...................5

*Saubers v. Kashi Co.*,
   39 F. Supp. 3d 1108 (S.D. Cal. 2014) ...................................................................14

*Saul v. U.S.*,
   928 F.2d 829 (1991) ...............................................................................................15

*Smedt v. The Hain Celestial Grp., Inc.*,
   No. 12-cv-03029, 2014 WL 2466881 (N.D. Cal. May 30, 2014) ...........................8

*Spratley v. FCA US LLC*,
   No. 3:17-CV-0062, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017) ........................4

*Swearingen v. Late July Snacks, LLC*,
   No. 13-cv-04324, 2017 WL 4641896 (N.D. Cal. Oct. 16, 2017)............................9

*Van Mourik v. Big Heart Pet Brands, Inc.*,
   No. 3:17-cv-03889-JD, 2018 WL 1116715 (N.D. Cal. Mar. 1, 2018)...................10

*Walden v. Fiore*,
   571 U.S. 177 (2014).................................................................................................5

**Statutes**

28 U.S.C. § 2072(b) .......................................................................................................5

28 U.S.C. § 2310(d)(3)(C) ...........................................................................................13

Fed. R. Civ. P. 8...........................................................................................................10

Fed. R. Civ. P. 9(b).............................................................................................8, 9, 10

Fed. R. Civ. P. 23...........................................................................................................5

Fed. R. Civ. P. 82...........................................................................................................5

iv

**Other Authorities**

Scott Gottlieb, FDA Commissioner, Address at the National Food Policy
        Conference (March 29, 2018) *available at*
        www.fda.gov/NewsEvents/Speeches/ucm603057.htm ........................................... 15

# **INTRODUCTION**

This case alleges false labeling against a distributor who did not manufacture or label the products at issue (Midway), brought by a forum-shopping out-of-state plaintiff who has no connection to the forum (Rivera), involving claims under the laws of states outside California.  Despite numerous bites at the apple,[1] Plaintiffs' claims continue to suffer from a number of deficiencies warranting dismissal.

First and foremost, Plaintiffs have still failed to adequately allege any claims made by ***Midway***, a distributor and importer[2] that did not label the third-party ***Grisi*** Soap Products it imported, in this case.  That deficiency alone warrants dismissal.

Second, Plaintiffs' Opposition side-steps Midway's arguments that they lack standing for non-California claims and personal jurisdiction over Midway for claims by non-California purchasers, arguing that the former should be addressed at class certification and that the latter is satisfied because the court in *Bristol-Myers Squibb* did not address personal jurisdiction in the context of federal class actions.  However, this Court expressly held in *Harris v. CVS* that plaintiffs lack standing to bring claims under laws of states where they did not reside and did not purchase the products at issue.  And a majority of federal courts have applied the Supreme Court's decision in *Bristol-Myers Squibb* to federal class actions.

Third, Plaintiffs argue that they have standing to pursue injunctive relief because of the Ninth Circuit's holding in *Davidson v. Kimberly-Clark*.  But unlike in *Davidson*, the Plaintiffs in this case have failed to allege facts critical to *Davidson's* holding, namely that the plaintiff there "regularly" visited stores selling the defendant's products and that she was "continually" exposed to the defendant's advertising.  Further, unlike the allegation in *Davidson*, plaintiffs do not need an

---

[1] Plaintiff Rivera previously brought a nearly identical action in New York district court, before dismissing and refiling in the Central District.  *See* Midway's Motion to Dismiss ("Motion") at 10.

[2] Plaintiffs allege Midway was also the manufacturer but assert no facts to support that accusation, which is belied by the product packaging and Midway and Grisi's websites, which are all judicially noticeable.

injunction to remedy the allegedly deceptive advertising – rather, they can simply read the ingredient list on each of the products' labels.

Fourth, while Plaintiffs allege that the four Grisi Soap Products at issue each have identical label claims, they do not and cannot allege that the products ***themselves*** are substantially similar; thus, they lack standing as to the Donkey's Milk and Oat soaps they did not purchase.

Fifth, Plaintiffs' consumer protection claims fail because Plaintiffs cannot plausibly allege that a "reasonable consumer" who "value[s] natural products for important reasons" would disregard the ingredient lists on the soap, which clearly disclose the ingredients about which Plaintiffs complain. And Plaintiffs' warranty claims fail for a number of reasons, including because the phrase "natural soap" is not a warranty and because Plaintiffs' cited exception to the privity requirement is inapplicable to this case. For these reasons and those that follow, Midway's Motion should be granted in its entirety. And because this is Plaintiffs' third bite at the apple, Plaintiffs' claims should be dismissed with prejudice.

## ARGUMENT

## I.  The California Plaintiffs Lack Standing to Bring Non-California Claims

Although Plaintiffs argue in their Opposition that they "are not seeking to apply the laws of other states [where they do not reside] to their individual claims," Opp. at 6, that is ***precisely*** what Plaintiffs are trying to do. FAC ¶¶ 104-12, 122-26. But this Court has squarely addressed this issue in *Harris v. CVS Pharmacy Inc.*, No. ED CV 13–02329–AB(AGRx), 2015 WL 4694047, at *4-5 (C.D. Cal. Aug. 6, 2015), and determined that named plaintiffs do not have standing to assert claims under the laws of states where they do not reside or did not purchase the products at issue.

As thoroughly discussed in Midway's Motion, *see* Motion at 10-11, *Harris* concerned a single named plaintiff who resided in and purchased products from CVS in California. *Harris*, 2015 WL 4694047, at *4. In his complaint, the plaintiff

2

brought separate causes of action under both California and Rhode Island consumer protection statutes.  Complaint at 23-25, *Harris v. CVS*, 2015 WL 4694047, at *4-5 (C.D. Cal. Aug. 6, 2015).  Finding the named plaintiff lacked standing to bring a claim under the law of a state (Rhode Island) in which he did not reside and from which he did not purchase the products at issue, this Court dismissed the plaintiff's Rhode Island consumer protection claim.  *Harris*, 2015 WL 4694047, at *5, 8.

Plaintiffs attempt to do ***exactly*** the same thing here.  While each of the named plaintiffs allegedly purchased the Grisi Soap Products and reside in either ***California*** or ***New York***, Plaintiffs nevertheless bring causes of action for breach of express warranty and violation of consumer protection statutes under each of the other 48 states and the District of Columbia.  FAC ¶¶ 104-12, 122-26.  Plaintiffs have pleaded no basis whatsoever to bring claims under the laws of states where they do not reside and did not purchase the Grisi Soap Products.  Thus, pursuant to this Court's decision in *Harris*, Plaintiffs' foreign state law claims (Counts Six and Eight) must be dismissed.  Numerous other courts are in accord.  *See, e.g.*, *In re Aftermarket Automotive Lighting Products Litig.*, No. 09 MDL 2007-GW, 2009 WL 9502003, *6 (C.D. Cal. July 6, 2009) ("Courts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce.").

Finally, Plaintiffs seem to argue that their right to sue under the laws of foreign states is one best left for class certification.  This Court addressed, and rejected, the very same argument in *Harris*.  2015 WL 4694047, at *5-6.  Whether Plaintiffs have standing to sue under the laws of states in which they do not reside and did not purchase the products at issue "goes to the heart of the Court's subject-matter jurisdiction and should be decided as soon as possible."  *Id.* at *5; *see also Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) ("Thus, Plaintiff does not have standing to assert a claim under the consumer protection laws of the other states named in the Complaint.  This is a pleading defect amenable to

determination prior to a motion for class certification.").

## II. The Court Lacks Jurisdiction over Claims by Non-California Purchasers

Plaintiffs do not dispute that there is no general jurisdiction over Midway, a Texas company, in California, but asserts that there is specific jurisdiction over non-California purchasers because the Supreme Court in *Bristol-Myers Squibb Co. v. Superior Court of California,* 137 S. Ct. 1773 (2017), did not affirmatively address personal jurisdiction in the context of federal courts. *See* Opp. 9-11. As to Plaintiff Rivera and any other consumer that purchased product outside of California, that is wrong. The Supreme Court in *Bristol-Myers Squibb* holds that there is no personal jurisdiction over non-resident purchasers for sales outside California, and a majority of *federal* district courts agree that its holding applies equally to them. *See, e.g.*, *Dyson v. Bayer Corp.*, No. 17-cv-2584, 2018 WL 534375, at *5 (E.D. Mo. Jan. 24, 2018) (dismissing non-Missouri plaintiffs' claims for lack of personal jurisdiction in products liability case brought by 95 plaintiffs, only 3 of whom resided or were allegedly harmed in Missouri); *LDGP, LLC v. Cynosure, Inc.*, No. 15 C 50148, 2018 WL 439122 (N.D. Ill. Jan. 16, 2018) (holding that court does not have personal jurisdiction over defendants with regard to claims asserted by non-resident plaintiffs); *McDonnell v. Nature's Way Prods., LLC*, No. 16 C 5011, 2017 WL 4864910 (N.D. Ill. Oct. 26, 2017) (finding no jurisdiction where non-resident plaintiff's alleged injury did not occur in the forum state, and only connection to forum was provided by the resident plaintiff's purchase of the product); *Spratley v. FCA US LLC*, No. 3:17-CV-0062, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017) (court dismissed claims of non-resident plaintiffs, who showed no connection between their claims and the non-resident defendant's contacts with the forum state); *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, No. 16-665, 2017 WL 3129147 (E.D. Pa. July 24, 2017) (defendants who did not sell in the forum could not be subject to specific jurisdiction in case brought by Pennsylvania plaintiffs asserting nationwide consumer class).

Plaintiffs further argue that the holding in *Bristol-Myers Squibb* should not apply to class actions because (1) non-named plaintiffs are not real parties in interest for jurisdictional purposes; and (2) class actions are "subject to additional due process safeguards" which mass torts are not. These arguments lack merit. As an initial matter, whether a plaintiff is a named plaintiff or an absent class member has nothing whatsoever to do with whether a court has personal jurisdiction over the ***defendant*** in the action. *Walden v. Fiore*, 571 U.S. 177, 284 (2014) ("[d]ue process limits" "principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties."); *In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) (rejecting plaintiffs' argument that BMS does not apply in class actions and explaining that "[t]he constitutional requirements of due process does [*sic*] not wax or wane when the complaint is individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case."); *In re Samsung Galaxy Smartphone Marketing and Sales Practices Litig.*, No. 16-cv-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018) (determining that a plaintiff in a putative class action must satisfy the personal jurisdiction "must satisfy the standards set forth in *Bristol-Myers*"). Second, Plaintiffs suggestion that the standards for personal jurisdiction should be relaxed because class actions are subject to Federal Rule of Civil Procedure 23 directly conflicts with the Rules Enabling Act, which makes clear that Rule 23 "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b). *See also* Fed. R. Civ. P. 82 (noting that the FRCP "do not extend . . . the jurisdiction of the districts courts"); *Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 614 (1997) ("We therefore follow the path taken by the Court of Appeals, mindful that Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure "shall not abridge, enlarge or modify any substantive right[.]").

1   Finally, while Plaintiffs rely heavily on the court's analysis of *Bristol-Myers*

2   *Squibb* in *In re Chinese-Manufactured Drywall Products Liability Litig.*, MDL No.

3   09-2047, 2017 WL 5971622 (E.D. La. Nov. 30, 2017), the court in that case pointed

4   out that *Bristol-Myers Squibb* concerned a situation that was not present in *Chinese*

5   *Drywall* – namely, that the plaintiffs in *Bristol-Myers Squibb* had engaged in blatant

6   forum shopping, which "[t]he Supreme Court rightly halted." *Id.* at *16. So too here.

7   Plaintiff Rivera initially brought his claims in the appropriate forum (New York),

8   where he resides and where he purchased the product at issue. He later voluntarily

9   dismissed those claims when the New York district court informed him that he was

10  unlikely to receive an opportunity to amend after the court's decision on Midway's

11  motion to dismiss. *See* Motion at 10, n.1. Plaintiff Rivera's blatant forum shopping

12  warrants dismissal of his claims under *Chinese Drywall*. Thus, claims by non-

13  California Plaintiffs (including Plaintiff Rivera) should be dismissed.

14  **III.    Plaintiffs Lack Standing to Seek Injunctive Relief**

15  Plaintiffs argue that they have standing to seek injunctive relief pursuant to the

16  Ninth Circuit's decision in *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th

17  Cir. 2017), *amended and superseded*, 889 F.3d 956 (9th Cir. 2018). Plaintiffs' case is

18  not *Davidson*. Davidson alleged, absent an injunction, she "***[would be] unable to***

19  ***determine, based on the packaging***, whether the wipes [were] truly flushable" as

20  stated on the label. 889 F.3d at 962 (emphasis added). Plaintiffs' situation is

21  different. Plaintiffs allege that they "would purchase the Products again if the

22  ingredients were changed so that they indeed were 'Natural.'" FAC ¶ 53. Unlike in

23  *Davidson*, Plaintiffs do not need an injunction to help them make this determination.

24  Rather, they can simply review the ingredient list in English or Spanish on either side

25  of the Grisi Soap Products' packaging.[3]

26

27  _____

[3] Plaintiffs' argument that a reasonable consumer is not required to review the
ingredient list, even if true (and it is not), is illogical and irrelevant. Plaintiffs allege

28  they would purchase the products again only "if the ingredients were changed." The

6

1   Critical to *Davidson* was the plaintiff's very specific factual allegations that she

2   "regularly" visited stores selling defendant's products and was "continually" exposed

3   to the representations on the products' packaging. *See Davidson*, 889 F.3d 956, 970-

4   71 (acknowledging that the decision was a "close question"). Plaintiffs make no such

5   allegations here. *See Rugg v. Johnson & Johnson*, No. 17-cv-05010-BLF, 2018 WL

6   3023493, at *7 (N.D. Cal. June 18, 2018) (dismissing injunctive relief claim where

7   plaintiff failed to allege facts similar to those set forth in *Davidson*).

8   Further, unless and until the Grisi Soap Products are reformulated to remove the

9   ingredients about which plaintiffs complain, which is merely hypothetical, Plaintiffs

10  cannot plausibly allege that they face an "imminent or actual threat" of future harm.

11  In other words, Plaintiffs' allegations amount to nothing more than a declaration of

12  intent to purchase a product not currently in existence. Such allegations are simply

13  insufficient to establish standing for injunctive relief. *Lanovaz v. Twinings N. Am.,*

14  *Inc.*, 726 Fed. Appx. 590, 591 (9th Cir. 2018) ("A 'some day' intention[]—without

15  any description of concrete plans, or indeed even any specification of *when* the some

16  day will be—do[es] not support a finding of the 'actual or imminent' injury that

17  Article III requires."); *accord Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 564-65

18  (S.D.N.Y. 2016) (allegations of intent to purchase a reformulated product not

19  currently in existence are insufficient to establish standing for injunctive relief).

20  Accordingly, Plaintiffs lack standing to seek injunctive relief.

21  **IV.    Plaintiffs Lack Standing as to Products Not Purchased**

22  Plaintiffs argue that they have standing to pursue claims regarding the

23  "Donkey's Milk" and "Oat" soaps they did not purchase because the "natural soap"

24  statements on each of the Grisi Soap Products are identical. But courts have

25  repeatedly held that such an allegation, standing alone, is insufficient to confer

26  standing as to products not purchased. Rather, the Plaintiffs must plead facts

27
28  only way Plaintiffs will know that the ingredients have changed is by reading the
    ingredient list.

7

sufficient to show that the **products themselves** are "substantially similar." *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) ("Where the alleged misrepresentation *or* accused products are dissimilar, courts tend to dismiss claims to the extent they are based on products not purchased.") (emphasis added); *Holt v. Foodstate, Inc.*, No. 15-cv-78, 2015 WL 9592534, at *2 (S.D. Cal. Dec. 31, 2015) (standing satisfied "so long as the products *and* alleged misrepresentations are substantially similar."). The plaintiff in *Smedt v. The Hain Celestial Grp., Inc.* "allege[d] that the products 'ma[d]e the exact same representations, violate[d] the exact same regulations in the same manner, and [we]re essentially the exact same products, except for flavor' as those products she did purchase." No. 12-cv-03029, 2014 WL 2466881, at *7 (N.D. Cal. May 30, 2014). Nevertheless, the court could not "determine from the pleadings whether the named products [were], in fact, substantially similar to the purchased products . . . especially considering the heightened pleading standard of Rule 9(b) . . . ." *Id.* Thus, the court held that the plaintiff lacked standing to bring claims as to unpurchased products because she had "not alleged the similarity of the products with sufficient particularity." *Id. See also Arroyo v. TP-Link USA Corp.*, 15-cv-04999, 2015 WL 5698752, at *4 (N.D. Cal. Sept. 29, 2015) ("To provide standing for claims for non-purchased products under the CLRA, UCL and FAL, plaintiffs must detail why the products are substantially similar to those actually purchased."). The same result is warranted here. Plaintiff has done nothing more than baldly allege that the products are similar because they are soap. Opp. at 13-14. As discussed above, that singular allegation is insufficient.

Further, as discussed in detail in Midway's Motion, Plaintiffs **cannot** allege "substantial similarity" because the **products are not similar**. *See* Motion at 8. Rather, each has different packaging, different representations and benefits, and, most importantly, a different composition of ingredients, including a different composition of ingredients that Plaintiffs allege are "synthetic." Under those circumstances, courts

routinely hold that Plaintiffs lack standing with regard to products not purchased. *See, e.g.*, Motion at 7-8; *Dysthe v. Basic Research LLC*, No. CV 09- 8013 AG(SSx), 2011 WL 5868307, at *4-5 (C.D. Cal. June 13, 2011) (plaintiff lacked standing as to the product not purchased because the products each had different-colored packaging, contained different active ingredients, and touted different benefits).

Plaintiffs' cited cases are inapposite. Those cases concerned the limited situation where the products' differences were unrelated to the plaintiffs' specific false advertising claims. *See, e.g.*, *Hunter v. Nature's Way Products*, LLC, No. 16cv532-WQH, 2016 WL 4262188, at *14 (S.D. Cal. Aug. 12, 2016) (in action regarding healthfulness claims, each product had the same composition of fat per serving); *Dorfman v. Nutramax Laboratories, Inc.*, No. 13cv0873 WQH, 2013 WL 5353043, at *7 (S.D. Cal. Sept. 23, 2013) (in action regarding joint-health claims, each product had same active joint-health ingredients); *Swearingen v. Late July Snacks, LLC*, No. 13-cv-04324, 2017 WL 4641896, at *5-6 (N.D. Cal. Oct. 16, 2017) (in action regarding "evaporated cane juice" representations, products differed only in flavor). But in cases where the success of the plaintiff's claims hinge on the specific formulation of each of the products, courts have repeatedly held that plaintiffs lack standing to proceed as to dissimilar products they did not purchase. That was precisely the case in *Miller v. Ghirardelli Chocolate Co.*, where the plaintiff's allegations that the products did not contain the required percentage of "white chocolate" hinged on each product's specific composition, 912 F. Supp. 2d at 869-71, and in *Dysthe*, where the plaintiff's allegation that the products were ineffective hinged on each product's composition of active ingredients. 2011 WL 5868307, at *4-5. So too here. Plaintiffs lack standing as to the Donkey's Milk and Oat products they did not purchase, and their claims as to those products should be dismissed.

## V. Plaintiffs Cannot Support Any False Advertising Claim Against Midway

### A. Plaintiffs' Allegations Fail to Satisfy Rule 9(b)

9

1    Plaintiffs' assertion that their claims are not subject to the heightened pleading

2    standards of Rule 9(b) is incorrect.  Courts in the Ninth Circuit have "specifically

3    ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of

4    the CLRA and UCL."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.

5    2009);  *Van Mourik v. Big Heart Pet Brands, Inc.*, No. 3:17-cv-03889-JD, 2018 WL

6    1116715, at *1 (N.D. Cal. Mar. 1, 2018) (concluding that allegations relating to

7    "natural" allegations are subject to Rule 9(b) pleading requirements).

8    Plaintiffs have not met the heightened standard.  To the contrary, Plaintiffs'

9    allegations that Midway may have distributed the Grisi Soap Products purchased by

10   Plaintiffs and that Midway's website suggests that it is involved as an importer in the

11   domestic "marketing and promotion" of unspecified products or services amounts to

12   nothing more than the mere ***possibility*** that Midway could have had something (or

13   ***anything***) to do with the "natural soap" representations about which they complain.

14   Thus, these allegations do not even meet the Rule 8 standards, let alone the heightened

15   standards required under 9(b).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see*

16   *also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations

17   must be enough to raise a right to relief above the speculative level.").

18   Plaintiffs' claims are based solely and exclusively on the word "natural" on the

19   label of two soap products imported by Midway from third-party manufacturer Grisi.

20   Plaintiffs do not allege that Midway had any role in Grisi's decision to label the soaps

21   "natural."  Any marketing actions undertaken by Midway after it imported the

22   finished goods is irrelevant to Plaintiffs' claims resting entirely on pre-import

23   labeling. Plaintiffs have failed to meet the requirements of Rule 9(b).

24   **B.      Plaintiffs Fail to State a Claim that the Phrase "Natural Soap" is**

25   **False or Misleading**

26   Plaintiffs do not and cannot dispute that the Grisi Soap Products' ingredient

27   lists discloses – in all capital letters, in English and in Spanish – the allegedly

28

10

synthetic ingredients about which they complain.  According to Plaintiffs, a reasonable consumer who "value[s] natural products for important reasons," FAC ¶ 17,  would disregard the ingredient list and instead assume, based solely on the word "natural," that the Grisi Soap Products contain *exclusively* natural ingredients. Plaintiffs' position is implausible on its face.  *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) (under the CLRA, UCL, and FAL, a plaintiff must show "potential deception of consumers acting reasonably in the circumstances—not just any consumers") (emphasis added).  Plaintiffs cannot plausibly allege that they "value" natural products and blindly pay a price premium for them, but do not turn the packaging slightly to the side to review the ingredient list.  Courts have repeatedly dismissed false advertising claims at the pleading stage where a plaintiff's allegations were similarly implausible.  *See, e.g.*, *Rooney v. Cumberland Packing Corp.*, No. 12-cv-0033-H, 2012 WL 1512106, at *4 (S.D.Cal. Apr. 16, 2012) (holding that no reasonable consumer could be deceived by the label "Sugar in the Raw" because the package stated in several places that the sugar was turbinado-sugar (a processed sugar)); *Kane v. Chobani, Inc.*, No. 12–CV–02425–LHK, 2013 WL 5289253, at *10 (N.D. Cal. Sept. 19, 2013) ("Because the labels clearly disclosed the presence of fruit or vegetable juice concentrate in the Yogurts, it is not plausible that Plaintiffs believed, based on Defendant's '[o]nly natural ingredients' or 'all natural' representations, that the Yogurts did not contain added fruit juice."); *Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 877 (2017) (affirming dismissal of complaint alleging what "reasonable consumers believe" when reasonable consumers "would [] inspect" the products before buying them).  Because Plaintiffs cannot plausibly allege that a "reasonable consumer" who "value[s]" natural products would not look at the ingredient list, Plaintiffs' false advertising claims must be dismissed.

## VI.    Plaintiffs Cannot Support Any Breach of Warranty Claims

Plaintiffs exclusively cite cases concerning "*all* natural" representations in

1   support of their assertion that the phrase "natural soap" constitutes an "affirmation of

2   fact" under California and New York law.  Opp. at 20:15-27.[4]  But Plaintiffs'

3   assertion that "natural" carries the same weight as "*all* natural" is without support.

4   The phrases are different, and they necessarily mean different things.  While one

5   suggests the presence of natural ingredients, the other implies the absence of synthetic

6   ingredients.  Absent the "*all*" or "*100%*" qualifier, a reasonable consumer concerned

7   about synthetic ingredients would review the label on the soap.  The Grisi Soap

8   Product labels clearly disclose all of the ingredients in the soap, including the

9   ingredients that Plaintiffs allege are "synthetic."  Those disclosures bar Plaintiffs'

10   express warranty claim.  *See* Motion at 19-20.

11         Further, while Plaintiffs argue that their New York warranty claim does not

12   require privity because they are seeking only economic damages, numerous New York

13   courts post *Randy Knitwear, Inc. v. AM. Cyanamid Co.* have held that privity is still

14   required unless the plaintiff is alleging a personal injury.  *See* Motion at 20; *Carcone*

15   *v. Gordon Heating & Air Conditioning Co., Inc.*, 212 A.D. 2d 1017, 1018 (N.Y. App.

16   Div. 1995) ("Privity is also an essential element of a cause of action for express

17   warranty").  With respect to the exception to the privity requirement in cases

18   involving sales literature, those cases hold that privity is not required between a

19   plaintiff and a product ***manufacturer*** or ***advertiser***.  *Goldemberg v. Johnson &*

20   *Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y 2014) ("A buyer may bring

21   a claim against a manufacturer from whom he did not purchase a product directly,

22   since an express warranty may include specific representations made by a

23   manufacturer in its sales brochures or advertisements.").  Midway is neither.

24         With respect to Plaintiffs' breach of implied warranty claim, Plaintiffs fail to

25

---

26   [4] Plaintiffs' parentheticals to *Frito-Lay* and *Ault v. J.M. Smucker* conveniently omit

27   the fact that each of those cases also concern "*all* natural" representations, not simply "natural" representations. *See In re Frito-Lay N. Am. Inc. All Natural Litig.*, No. 12–MD–2413 (RRM), 2013 WL 4647512, at *27 (E.D.N.Y. Aug. 29, 2013); *Ault v. J.M.*

28   *Smucker*, No. 13 Civ. 3409(PAC), 2014 1998235, at *6 (S.D.N.Y. May 15, 2014).

rebut Midway's argument that a lack of vertical privity between Plaintiffs and Midway is fatal to Plaintiffs' breach of implied warranty claims.  *See* Motion at 22; *see also Paramount Farms Intern. LLC v. Ventilex B.V.*, 500 Fed. Appx. 586, 588 (9th Cir. 2012) ("Vertical privity, or in other words, privity of contract, is required to sustain an implied warranty claim in California.").  Indeed, this Court has acknowledged that vertical privity "is required in California for recovery on a theory of implied warranties." *Heidelberg USA, Inc., v. PM Lithographers, Inc.*, No. CV 17-02223-AB, 2017 WL 7201872, at *11 (C.D. Cal. Oct. 19, 2017).  Thus, Plaintiffs' California implied warranty claim must be dismissed.[5]

With respect to their Magnuson Moss Warranty Act claim, Plaintiffs argue that they do not need to meet the jurisdictional requirements of the MMWA because they have jurisdiction under CAFA.  Opp. at 13-14.  But several district courts have rejected this position, explaining that "CAFA—a basis for federal courts to exercise jurisdiction over state law disputes between diverse parties—doesn't fill in the gaps for missing substantive requirements of a federal law, " namely, the ***express*** requirement of 100 named plaintiffs pursuant to 28 U.S.C. § 2310(d)(3)(C).  *See, e.g.*, *MacDougall v. Am. Honda Motor Co., Inc.*, No. 8:17-cv-01079-AG-DFM, Dkt. 53, at *7 (C.D. Cal. Dec. 4, 2017).  Further, as Plaintiffs point out in their Opposition, because their express and implied warranty claims fail, their Magnuson-Moss Warranty Act claim fails too.  Opp. at 23.[6]  For the foregoing reasons, each of Plaintiffs' warranty claims should be dismissed.

## VII.  Plaintiffs' Claims Should be Stayed

As anticipated in Midway's Motion, Plaintiffs argue that the case should not be stayed pursuant to the primary jurisdiction doctrine because the imminent FDA guidance on the definition of "natural" is limited to food products.  But as Midway

---

[5] Because Plaintiffs have withdrawn their New York implied warranty claim, Opp. at 23:3-5, Midway will not address it here.
[6] Plaintiffs do not dispute Midway's argument that the phrase "natural soap" does not constitute a warranty under the MMWA itself.  *See* Motion at 20-21.

13

pointed out in its Motion, Plaintiffs have effectively conceded that FDA guidance on food labeling is instructive with respect to cosmetic labeling *by citing FDA guidance regarding food labeling in support of the allegations in their complaint*.  Motion at 24-25.  Plaintiffs should not be allowed to use FDA guidance on food labeling as a sword and a shield, arguing on one hand that it supports their claims and on the other that it is inapplicable to them.  *Rosillo v. Annie's Homegrown Inc.*, No. 17-cv-02474-JSW, 2017 WL 5256345, at *3 (N.D. Cal. Oct. 17, 2017) ("Perhaps nothing highlights this relevance more than Plaintiffs' own amended complaint which cites the FDA's . . . current guidance regarding the term natural to support their allegations that the Defendants' products are not 'natural' and are therefore misleading.").

Next, Plaintiffs argue that courts do not need FDA guidance to determine whether "natural" cosmetic labels are misleading.  Quite to the contrary, the Ninth Circuit has expressly acknowledged that "[d]etermining what chemical compounds may be advertised as natural on cosmetic product labels is 'a particularly complicated issue that Congress has committed to' the FDA"; and has further concluded that "[o]btaining expert advice from that agency would help ensure uniformity in administration of the comprehensive regulatory regime established by the FDCA." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 761 (9th Cir. 2015) (quoting 21 C.F.R. § 700.3).  Further, while Midway acknowledges that courts are capable of adjudicating claims regarding false advertising, that does not change the fact that FDA guidance on the issue of "natural" labeling will be instructive on, if not dispositive of, when and under what circumstances "natural" labeling is false or misleading.  *See Saubers v. Kashi Co.*, 39 F. Supp. 3d 1108, 1112 (S.D. Cal. 2014) (applying primary jurisdiction in false advertising case where the FDA's impending determination would "undoubtedly affect issues being litigated in this action").  The FDA has taken under submission thousands of comments regarding how it should define the term "natural."

FDA guidance on the issue is imminent,[7] and is likely to be incredibly instructive with regard to how the term "natural" can and cannot be used on product labeling. It behooves the parties and this Court to await such guidance in order to preserve judicial and party resources and to avoid inconsistent rulings or standards.

**VIII.  Plaintiffs Should Not be Allowed Leave to Amend**

A court should deny leave to amend "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal." *Saul v. U.S.*, 928 F.2d 829, 844 (1991). Amendment would be futile here because despite **three** bites at the apple, Plaintiffs have not and cannot adequately allege any facts of wrongdoing by sole defendant **Midway**, a mere importer and distributor of the Grisi Soap Products, which had **nothing whatsoever to do with the labeling of Grisi Soap Products**, among other deficiencies. Plaintiffs' FAC should be dismissed with prejudice. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended.") (internal quotations/citations omitted).

## CONCLUSION

For the foregoing reasons, and those in Midway's opening brief, Midway respectfully requests that the Court grant Midway's Motion to Dismiss Plaintiffs' First Amended Complaint and dismiss this action with prejudice, or alternatively stay the case pursuant to the primary jurisdiction doctrine.

Dated: July 19, 2018

SIDLEY AUSTIN LLP

By: */s/ Rachael A. Rezabek*
Attorneys for Defendant
MIDWAY IMPORTING, INC.

---

[7] *See* Scott Gottlieb, FDA Commissioner, Address at the National Food Policy Conference (March 29, 2018) ("[W]e know that there are wide differences in beliefs regarding what criteria should apply for products termed "natural" . . . . We'll have more to say on the issue soon."), *available at* www.fda.gov/NewsEvents/Speeches/ucm603057.htm.

15