David R. Shoop (SBN 220576)
david.shoop@shooplaw.com
Thomas S. Alch (SBN 135860)
thomas.alch@shooplaw.com
SHOOP, A PROFESSIONAL LAW CORPORATION
350 S. Beverly Drive, Suite 330
Beverly Hills, CA 90212
Tel: (310) 277-1700
Attorneys for Plaintiffs and the Class

*Attorneys for Plaintiffs and the Class*
*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY RIVERA, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>MIDWAY IMPORTING INC.<br><br>Defendant(s). | Case No. 2:18-cv-01469AB-RAO<br><br>**JOINT RULE 26(F) REPORT**<br><br>Hearing:<br>Date:  August 10, 2018<br>Time:  10:30 a.m.<br><br>The Hon. Andre Birotte Jr.<br>Los Angeles, Courtroom 7B<br><br>Complaint filed:  February 22, 2018<br><br>Trial Date: None Set |

## JOINT RULE 26(f) REPORT

In accordance with Federal Rule of Civil Procedure 26(f) and the Order of the Honorable Andre Birotte Jr. of May 15, 2018, counsel for the parties submit this Report for the Court's review.  The parties conferred telephonically on July 20, 2018, and have continued to correspond through email and by phone following the formal 26(f) conference.

1

**a.     Statement of the Case**

(1)     Plaintiffs' Statement

Plaintiffs are residents of the States of New York and California and made purchases in 2016 and 2017 of products that Midway represented as being "Natural Soap." The Products at issue were marketed as Grisi Regenerative Aloe Vera Natural Soap, Grisi Balance Oat Natural Soap, Grisi Lightening Mother of Pearl Natural Soap, and Grisi Moisturizer Donkey's Milk Natural Soap, and the Plaintiffs all made purchases for personal use. Plaintiffs allege the products were not "Natural" but instead contained synthetic ingredients. Plaintiffs have brought suit on behalf of a nationwide class and two state subclasses for breach of the consumer protection laws of New York, California, and numerous other states, breach of express and implied warranties, and violation of the Magnuson Moss Warranty Act.

As noted below, the parties are currently litigating a motion to dismiss many of Plaintiffs' claims. Defendant filed a motion to dismiss Plaintiffs' First Amended Complaint on May 7, 2018 and Plaintiffs opposed the motion on June 21, 2018.

(2)     Defendant's Statement

Defendant Midway Importing, Inc. ("Midway") disputes and denies the allegations in Plaintiffs' First Amended Complaint. As an initial matter, each of Plaintiffs' claims fail as to *Midway* because, as Plaintiffs are well aware, Midway as the importing distributor of the Grisi products had no part in the formulation, labeling, or marketing of the products at issue in this case. Rather, each of the soap products about which Plaintiffs complain are formulated, packaged, labeled, and marketed by *Grisi* – a Mexican company not party to this suit.

Further, Plaintiffs' claim that the Grisi soap products are deceptively labeled as "natural soap" because each product purportedly contains one to three "synthetic" ingredients is meritless. The Grisi soap products are comprised of almost entirely natural ingredients, consistent with their "natural soap" labeling. Moreover, a

"reasonable consumer" who "value[s] natural products for important reasons" would review the clear and conspicuous ingredient list, which prominently discloses the allegedly "synthetic" ingredients in bold, all capital letters, in English and in Spanish. Those disclosures belie any alleged "deception."

Plaintiffs' action against Midway is not its first.  New York Plaintiff Nicky Rivera has already filed and voluntarily dismissed a nearly identical complaint in New York district court after Midway filed a motion to dismiss that case.  Adding California Plaintiffs Balmore Prudencio and Michelle Quintero, Plaintiff Rivera refiled the complaint in this jurisdiction.  The First Amended Complaint is Plaintiffs' third bite at the apple.  Midway's Motion to Dismiss Plaintiffs' First Amended Complaint [Dkt. 18], is set for hearing on August 10, 2018, and more fully details the numerous and fatal deficiencies within Plaintiffs' First Amended Complaint.

**b.**   **Subject Matter Jurisdiction**

Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).  Plaintiffs Balmore Prudencio and Michelle Quintero are citizens of the State of California.  Plaintiff Nicky Rivera is a resident of the State of New York.  Defendant is a corporation with its principal place of business in Houston, Texas, and is organized and exists under the laws of the State of Texas.  Plaintiffs have alleged the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

**c.**   **Legal Issues**

(1)   Plaintiffs' Statement

The parties are currently litigating a motion to dismiss many of Plaintiffs' claims.  Plaintiffs contend that they have standing to challenge products they did not personally purchase, to seek injunctive relief, and to represent out-of-state consumers, that the Court has personal jurisdiction over the claims of absent class members nationwide.  Plaintiffs also submit that they have satisfied the heightened pleading requirements of FRCP 9(b) and have adequately pled that a reasonable consumer

1  would find Defendant's representations misleading.   Plaintiffs will seek to represent

2  a national class of consumers, with appropriate subclasses, under Rule 23. Whether

3  class treatment is appropriate will be the next major legal issue in the case.  Once the

4  scope of the class is determined, Plaintiffs will seek to prove their claims on the

5  merits.  Legal issues relevant to this determination are whether a reasonable consumer

6  would find Midway's statements misleading; whether a reasonable consumer would

7  find Midway's statements material; whether Midway's conduct breached its express

8  or implied warranties; and the proper measurement of damages, if any.

9  (2)    Defendant's Statement

10  Midway has submitted a Motion to Dismiss Plaintiffs' First Amended

11  Complaint [Dkt. 18], which seeks dismissal of each of Plaintiffs' claims for numerous

12  reasons, as follows:

13  *First*, Plaintiffs have failed to establish Article III standing to pursue claims as

14  to all the products at issue.  Plaintiffs allege that they purchased only two of the

15  identified products, and therefore lack standing as to the two products they did not

16  purchase.  Plaintiffs also have failed to establish standing as to their claim regarding

17  injunctive relief.  Now that they are aware of the alleged deception, Plaintiffs cannot

18  plausibly allege that they will be deceived again in the future, particularly because the

19  ingredients about which they complain are clearly listed on the label.   Further,

20  Plaintiffs have failed to establish standing to sue under the laws of states where they

21  do not reside and did not purchase the product(s) at issue.

22  *Second*, claims brought by non-California plaintiffs, including New York

23  Plaintiff Nick Rivera, fail because this Court lacks personal jurisdiction to adjudicate

24  those claims, as Midway is both incorporated and has its principal place of business

25  in Texas, and is therefore not subject to general jurisdiction in California.

26  *Third*, Plaintiffs' California and New York consumer protection claims fail

27  because *Plaintiffs have failed to plausibly allege that a reasonable consumer would*

28

*read the* term "natural" on the label to mean that the products do not contain any "synthetic" ingredients whatsoever—despite the fact that the labels nowhere claim that the Grisi Soap Products are "all natural" or "100%" natural. Such a claim is particularly unreasonable where, as here, the "synthetic" ingredients about which Plaintiffs complain are clearly and prominently disclosed on the label in English and Spanish. Further, Plaintiffs have failed to meet their pleading burden under Rule 9(b) by, *inter alia*, failing to allege with particularity how they came to "belie[ve]" that natural products, including the Grisi Soap Products, are "safer and healthier" than products lacking a "natural" label; what safety and health benefits they expected to receive from the product, and that they did not in fact receive those benefits; and finally, what Midway, an importer and distributor who did not manufacture, package, label, or directly sell the product, had to do with any of this.

*Fourth*, Plaintiffs' express warranty claim fails under California law because the ingredients were disclosed to Plaintiffs in the ingredient list, and under New York law because Midway and Plaintiffs lack privity.

*Fifth*, Plaintiffs' Magnuson Moss Warranty Act claim fails because Plaintiffs have not pled that they meet the requirements of the act (100 named plaintiffs, minimum $25.00 individual claims, and a minimum $5.00 product cost), and because the term "natural" does not constitute a warranty under the MMWA.

*Sixth*, Plaintiffs implied warranty of merchantability claim fails under California law because Midway and Plaintiffs are not in privity and because Plaintiffs have not (and cannot) plead that the Grisi Soap Products were not merchantable for their intended use as soap.

Should the Court deny Midway's Motion in whole or in part, Midway has alternatively requested that this Court stay the case pursuant to the Primary Jurisdiction doctrine in light of the FDA's imminent guidance regarding the use of the word "natural" on product labeling.

Should Plaintiffs' action survive Midway's Motion to Dismiss, Midway will seek to defend its case on the merits, including through expert discovery showing that a reasonable consumer would not be misled by the "natural" labeling on Grisi soap products, and through fact discovery by showing that Midway had no role in the creation of the product packaging containing the "natural soap" representations about which Plaintiffs complain.

In addition, Midway disputes and denies Plaintiffs' assertion that this case is amenable to class action treatment.  Among other things, Plaintiffs will be unable to establish that common, as opposed to individual, issues will predominate because (1) the composition of each of the products, including the composition of natural and alleged synthetic ingredients, differ; and (2) the claims being challenged would not be uniformly seen by or material to all purchasers.  Midway also reserves its right to oppose Plaintiffs' class certification motion on the basis that it is untimely pursuant to Local Rule 23-3, and that class counsel is inadequate for failing to seek relief from the Local Rule in advance of its deadline to file a class certification motion.

**d.   Parties, Evidence, Etc.**

(1)   Plaintiffs' Statement

Named Plaintiffs Nicky Rivera, Balmore Prudencio, and Michelle Quintero are parties to the case and percipient witnesses.  As discovery has not begun in this case, Plaintiff is not yet aware of key documents on the main issues in this case, other than the receipt for the product purchased by Ms. Rivera.

(2)   Defendant's Statement

Midway anticipates that it may call Nicky Rivera, Balmore Prudencio, Michelle Quintero, corporate representative(s) from Midway who are familiar with Midway's business practices as they relate to the Grisi soap products, and one or more scientific and damages experts.   With respect to key documents, Midway anticipates that key documents will include product labels for the Grisi soap products; ingredient lists for

the Grisi soap products; and documents evidencing Plaintiffs' purchase(s) of the Grisi soap products.  However, because discovery has not yet begun in this case, Midway reserves its rights to call additional witnesses or use additional documents not identified herein.

Midway does not have any parent companies, subsidiaries, or affiliates.

**e.    Damages**

Plaintiffs are unable to provide a realistic class-wide damages estimate until they have taken discovery on the composition of the class.

Defendant does not believe that Plaintiffs have suffered any injury and consequently, are not entitled to any damages.

**f.    Insurance**

At this time, there is no expectation of insurance coverage.

**g.    Motions**

In addition to the motion to dismiss, and following appropriate discovery, Plaintiffs intend to move for certification of a national class and state subclasses under FRCP 23. Plaintiffs believe that causation and materiality can be litigated on a class-wide basis and that common issues will predominate over individual ones.  Plaintiffs do not anticipate motions seeking to add new parties or claims, or motions to file amended pleadings barring an order to do so from this Court.

(2)    Defendant's Statement

Absent a stipulation between the parties, Midway reserves its right to oppose any motion for class certification on the ground that Plaintiffs have failed to comply with Local Rule 23-3 and have therefore missed the deadline to move this Court to certify a class action.  Should the Court permit a later-filed certification motion, the parties have agreed that the motion for class certification should be heard on the same date as Midway's intended motion for summary judgment.

**h.**     **Dispositive Motions**

Plaintiffs may file a motion for summary judgment or for partial summary judgment depending on the results of discovery.

(2)     Defendant's Statement

Midway's Motion to Dismiss has been fully briefed and is scheduled for hearing on August 10, 2018.  Should the Court deny the Motion to Dismiss in whole or in part, Midway intends to file a motion for summary judgment as to all remaining claims.

**i.**     **Manual for Complex Litigation**

The parties agree that the Manual for Complex Litigation can generally be used as a guide for this case.

**j.**     **Status of Discovery**

The parties have not yet propounded discovery requests.  It is Midway's position that discovery should be stayed until after the ruling on Midway's Motion to Dismiss in order to preserve party and judicial resources, as the ruling on the Motion could dispose of or significantly reduce the scope of discovery required in this case, including as to the products at issue and non-California claims and class members.

**k.**     **Discovery Plan**

The parties have agreed to exchange their Rule 26(a) disclosures within 30 days of the filing of this report.

(1)     Plaintiffs' Subjects for Discovery

Plaintiffs anticipate conducting discovery on: the composition and ingredients in the soap; the representations made to consumers; and the sales volume of the soap. Plaintiffs further anticipate two types of experts in this case, those needed for class certification purposes and those needed for trial.  To that end, all class certification expert(s) should be disclosed in conjunction with the briefing of the class certification motion.   Any trial experts should be disclosed in keeping with the Schedule

Worksheet below.  An expert tendered for both certification and trial purposes may have to be presented for deposition a second time in regards to their role as a trial expert, although the parties will work cooperatively to narrow duplication.

Plaintiffs believe that both class and merits discovery should proceed simultaneously and that there is no need for bifurcation.

(2)     Defendant's Subjects for Discovery

Midway plans to serve an initial set of requests for production, interrogatories, and requests for admission promptly after the Scheduling Conference. These requests will focus on Plaintiffs' occupations, educations, and knowledge of "natural" versus synthetic ingredients; Plaintiffs' purchase and use history of the Grisi soap products and other soap products, as well as whether the Grisi soap products were purchased for household purposes; what labeling Plaintiffs were exposed to, including whether they were exposed to any labeling by Midway; Plaintiffs' intent to continue purchasing and using the Grisi soap products; and whether Plaintiffs' have filed any other class actions related to "natural" claims.

**l.     Discovery Cut-off**

The parties propose a discovery cut-off date of March 1, 2019 for both expert and fact discovery.

**m.     Expert Discovery**

The parties propose an initial expert disclosure date of November 30, 2018 and a date for disclosure of rebuttal experts of January 18, 2019.

**n.     Settlement Conference/Alternative Dispute Resolution ("ADR")**

Settlement discussions have not yet occurred.  As indicated in the ADR Procedure Selection form, the parties select ADR Procedure No. 3 to participate in a private dispute resolution proceeding. The parties will meet and confer on a private mediator and mediation date.

**o.     Trial Estimate**

(1)     Plaintiffs' Position

With the current information available and the anticipation of this case becoming potentially expert-intensive regarding the composition of the product, it is Plaintiffs' position that trial could exceed 3 weeks and involve more than 10 witnesses per side.

(2)     Defendant's Position

Defendant estimates that trial will last approximately 5-10 court days, and anticipates calling approximately seven to ten witnesses.

**p.     Trial Counsel**

Plaintiffs' Trial Counsel:

Jason Sultzer, Esq.
THE SULTZER LAW GROUP, P.C.
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Tel: 845-483-7100

Defendant's Trial Counsel:

Michael Mallow
Amy Lally
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067

**q.     Independent Expert of Master:**

The parties do not believe that appointing a master pursuant to FRCP 53 or an independent scientific expert is necessary in this case.

**r.     Schedule Worksheet:**

See attached completed Schedule of Pretrial Dates Worksheet.

**s.**     <u>**Other Issues**</u>

The parties have agreed to execute and file a stipulated protective order to govern the production and use of documents and information in this litigation.

Dated: July 27, 2018                    SHOOP, A PROFESSIONAL LAW
                                        CORPORATION

                                        By:  /s/ David R. Shoop
                                        _____
                                        David R. Shoop, Esq.
                                        Thomas S. Alch, Esq.

Dated: July 27, 2018                    LEEDS BROWN LAW, P.C.

                                        By:  /s/ Jeffrey Brown
                                        _____
                                        Lenard Leeds, Esq.
                                        Jeffrey Brown, Esq.

Dated: July 27, 2018                    THE SULTZER LAW GROUP P.C.

                                        By:  /s/ Adam Gonnelli
                                        _____
                                        Jason P. Sultzer, Esq.
                                        Joseph Lipari, Esq.
                                        Adam Gonnelli, Esq.
                                        Jeremy Francis, Esq.

                                        *Attorneys for Plaintiffs and the Class*

Dated: July 27, 2018                    SIDLEY AUSTIN, LLP

                                        By:  /s/ Rachael A. Rezabek
                                        _____
                                        Rachael A. Rezabek, Esq.

                                        *Attorneys for Defendant*

**JUDGE ANDRÉ BIROTTE JR.**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court **ORDERS** the parties to make every effort to agree on dates.*

| Case No. 2:18-cv-01469 | Case Name: Rivera, et al. v. Midway Importing, Inc. | | |
|---|---|---|---|

| **Trial and Final Pretrial Conference Dates** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
|---|---|---|---|
| Check one:  [ X ] Jury Trial  or  [ ] Court Trial (***Tuesday** at 8:30 a.m., within 18 months after Complaint filed)* Estimated Duration:  ___5-21___ Days | 11/19/2019 | 11/19/2019 | [ ] Jury Trial [ ] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (***Friday** at 11:00 a.m., at least 17 days before trial)* | 11/1/2019 | 11/1/2019 | |

| **Event** [1] ***Note:** Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week.* | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
|---|---|---|---|---|
| Last Date to ***Hear*** Motion to Amend Pleadings /Add Parties *[Friday]* | | 9/7/2018 | 9/7/2018 | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | 3/1/2019 | 3/1/2019 | |
| Expert Disclosure (Initial) | | 11/30/2018 | 11/30/2018 | |
| Expert Disclosure (Rebuttal) | | 01/18/2019 | 01/18/2019 | |
| Expert Discovery Cut-Off | 12[2] | 3/1/2019 | 3/1/2019 | |
| Last Date to ***Hear*** Motions  *[Friday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 6/21/2019 | 6/21/2019 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one:  [ ] 1. Magistrate Judge *(with Court approval)*<br>[ ] 2. Court's Mediation Panel<br>[X] 3. Private Mediation | 10 | 8/20/2019 | 8/20/2019 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 10/11/2019 | 10/11/2019 | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 10/18/2019 | 10/18/2019 | |

**The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *Class actions and patent and ERISA cases in particular may need to vary from the above.***

**The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

ACTIVE 234218841

Case No. 2:18-cv-01469-AB-RAO
JOINT RULE 26(f) REPORT