UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY RIVERA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MIDWAY IMPORTING, INC.,<br><br>    Defendant. | Case No. CV 18-01469 AB (RAOx)<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Before the Court is Defendant Midway Importing, Inc.'s ("Defendant") Motion to Dismiss ("Motion," Dkt. No. 18). Plaintiffs Nicky Rivera, Balmore Prudencio, and Michelle Quintero ("Plaintiffs") filed an opposition and Defendant filed a reply. The Court heard oral argument on August 10, 2018. For the following reasons, the Motion is **GRANTED**.

## I. PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiffs bring this putative class action on behalf of a nationwide class, and California and New York subclasses, who purchased four varieties of Grisi brand soap products ("Grisi Soap Products" or "Products") sold in boxes bearing the word "Natural." *See* First Amended Complaint ("FAC") ¶¶ 1-3. Plaintiffs allege that the label "Natural" is false, deceptive, ad misleading because the Products contain between one and three synthetic ingredients. *Id.* ¶ 2.

1.

Based on these allegations, Plaintiffs assert nine causes of action: violations of California's Consumer Legal Remedies Act, *see* Cal. Civ. Code § 1750, et seq. (CLRA) and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (UCL), both on behalf of a putative "California Subclass" (Counts 1-2); violations of New York's General Business Laws §§ 349, 350, and 350-a(1), on behalf of a putative "New York Subclass" (Counts 3-5); violations of the express warranty and consumer protection statutes of 48 other states and the District of Columbia (Counts 6 and 8); violations of the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (Count 7); and a common law claim for breach of the implied warranty of merchantability (Count 9). Defendant moves to dismiss on numerous grounds.

## II.   LEGAL STANDARD

Fed. R. Civ. P. ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). It also must make all reasonable inferences in the plaintiff's favor. *Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). But a court is "not bound to

accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quotations omitted).

In deciding a Rule 12(b)(6) motion, the court considers the complaint, exhibits attached to the complaint, matters incorporated into the complaint by reference, and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. DISCUSSION

### A. The FAC is <u>DISMISSED</u> Because Plaintiffs Have Not Plead Facts that Plausibly Establish Defendant's Liability Under Any Legal Theory.

At oral argument, the Court distributed a tentative Order that addressed most if not all of the many grounds for dismissal presented in the Motion. The tentative found, among other things, that Plaintiffs did not satisfy Rule 9(b) as to their UCL and CLRA claims because they failed to plead with sufficient specificity facts relating to the Defendant's involvement in the allegedly misleading label. At the hearing, the Court directed the parties to discuss the propriety of trying to hold Defendant, which is a distributor, liable for alleged misrepresentations on a product it merely distributes. Upon listening to the responses, and upon further review of the FAC, the Court now finds that Plaintiffs have not pled facts sufficient under Rule 8 to state *any* claim against Defendant.

The gravamen of each and every one of Plaintiff's claims is that the word "natural" on the soap boxes is misleading. Plaintiff alleges in boilerplate that "Defendant manufactures, sells, and distributes the Products using a marketing and advertising campaign centered around claims that appeal to health- conscious consumers, i.e., that its Products are 'Natural.'" FAC ¶ 2. But as Plaintiffs admitted at oral argument, and as indicated on the soap boxes themselves, the soap was actually manufactured by Laboratorios GRISI, a Mexican firm. *See* Def.'s RJN Exs. A-D

(images of the soap boxes).[1]  Regarding Defendant's involvement in marketing the soaps, Plaintiffs pointed to its allegation that Defendant's website offers "'a support strategy that includes marketing & promotions.'" FAC ¶ 16. But again, this allegation does not in any way link Defendant to the marketing and promotion of *these* Products, let alone to the alleged "natural" misrepresentation on their boxes. These generic allegations, untethered to the Products in issue, do not establish a plausible claim that Defendant, a distributor, may be held liable for a misleading label borne by products it did not manufacture or advertise but only distributes.

      When pressed to articulate a cognizable legal theory for imposing liability on Defendant, Plaintiff's counsel argued that because Defendant is the only U.S. distributor of these products, holding it liable will be the most effective way to remedy the problem. But, this is not a legal theory of liability. Furthermore, insofar as Plaintiffs seek relief amounting to either rebranding the boxes (removing the "natural" label) or reformulating the products (eliminating the allegedly synthetic ingredients), such remedies cannot be implemented by Defendant, as Defendant does not manufacture the products. Stated differently, the alleged wrong does not appear fully, if at all, redressable by this Defendant. This further illustrates that Plaintiffs are suing the wrong party. It appears that Grisi, the manufacturer, is the party Plaintiffs should pursue for all of their remedies. Counsel also argued that Defendant's conduct falls within the "broad" language of New York's General Business Law § 349 barring "[d]eceptive acts or practices in the conduct of any business," and the CRLA which prohibits "unfair or deceptive acts or practices. . ." Cal. Civ. Code § 1770(a). *See* Opp'n 18:18-25. But however broad these statutes are, they apply only to "deceptive" or "unfair" "acts or practices," and as noted, the FAC fails to plausibly allege that this Defendant committed any deceptive or unfair acts or practices at all, let alone with respect to the labels on these products.

---

[1] The Court takes judicial notice of these exhibits because they are referenced in the FAC and pictured(in part in the FAC, and Plaintiffs do not oppose.

This ruling is dispositive of all of Plaintiffs' claims, so the FAC will be dismissed in its entirety. The Court declines to rule on the other grounds argued in the motion. Defendants did raise some jurisdictional issues with respect to certain claims and parties that the Court might ordinarily address first, but the Court declines to address them unless and until a viable claim is pled by at least one named Plaintiff.

### B. The Court Declines to Stay the Case Under the Primary Jurisdiction Doctrine.

In the alternative, Defendant asks the Court to stay the case pending "imminent" guidance from the FDA regarding what constitutes "natural" with respect to food labeling. The Court declines to do so because this case involves cosmetic labeling, not food labeling.

### IV. CONCLUSION

Defendant's Motion to Dismiss is **GRANTED** as to the entire FAC, with leave to amend. Plaintiffs may file a Second Amended Complaint within 21 days of the issuance of this order. If no Second Amended Complaint is filed by the deadline, the case will be closed.

I**T IS SO ORDERED.**

Dated: August 21, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

5.