Michael L. Mallow (SBN 188745)
*mmallow@sidley.com*
Amy P. Lally (SBN 198555)
*alally@sidley.com*
Rachel A. Straus (SBN 268836)
*rstraus@sidley.com*
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9662
Facsimile: +1 310 595 9501

Alexandria V. Ruiz (SBN 313286)
*aruiz@sidley.com*
SIDLEY AUSTIN LLP
555 West Fifth Street, 40th Floor
Los Angeles, CA 90013
Telephone: +1 213 896 6666
Facsimile: +1 213 896 6600

Attorneys for Defendant
MIDWAY IMPORTING, INC. and
GRISI USA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Balmore Prudencio and Michelle Quintero, individually on behalf of themselves and all others similarly situated, and John Does (1-100) on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>Midway Importing, Inc. and Grisi USA, LLC<br><br>Defendants. | Case No. 2:18-cv-01469-AB-RAO<br><br>Assigned to: Hon. André Birotte, Jr.<br><br>**DEFENDANTS MIDWAY IMPORTING, INC. AND GRISI USA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>[Filed Concurrently with Memorandum of Points and Authorities; and [Proposed] Order]<br><br>Date:    December 14, 2018<br>Time:   10:00 a.m.<br>Ctrm::  7B<br><br>Complaint Filed: February 22, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 14, 2018 at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable André Birotte, Jr. in Courtroom 7B in the United States Courthouse, located at 350 West First Street, Los Angeles, CA 90012, Defendants Midway Importing, Inc. and Grisi USA, LLC (collectively, "Defendants") will and hereby do move this Court to dismiss Plaintiffs' Second Amended Complaint.

The Motion to Dismiss is made pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(1), (2), and (6) on the following grounds:

- Plaintiffs have failed to plead any claims against Defendants under Rule 8(a) and 9(b) because they have failed to plead sufficient facts to show Defendants' role in allegedly deceptive advertising when Defendants do not manufacture, label, or advertise the products at issue;
- Plaintiffs have further failed to plead each of their fraud claims with the degree of particularity required by Rule 9(b) because they have failed to plead sufficient facts regarding their purchase of the products, the falsity of the challenged representations, and any purported damages;
- Plaintiffs have failed to state a CLRA or UCL claim based on the "natural soap" advertising because they did not suffer any injury as a result of the advertising and because such advertising is not false or misleading as a matter of law;
- Plaintiffs have failed to state an express warranty claim because the ingredients in the products were disclosed in the ingredient list;
- Plaintiffs have failed to state a claim under the Magnuson Moss Warranty act because they have failed to plead the required jurisdictional elements and because the term "natural" is not a warranty under the Act;
- Plaintiffs have failed to state an implied warranty claim because the parties are not in privity and because Plaintiffs have not pled that the

products were not merchantable for use as soap;

- Plaintiffs' catchall violation of state consumer protection statutes claim fails to state a claim under Rule 8, let alone with the particularity required by Rule 9(b);
- Plaintiffs have failed to establish standing under Article III of the U.S. Constitution to state a claim for prospective injunctive relief because they have not alleged facts demonstrating that they will be injured again in a similar way in the future;
- Plaintiffs have failed to establish standing under Article III to state any claim respecting products that they did not purchase;
- There is no personal jurisdiction over Defendants for claims brought by non-California plaintiffs, because the products purchased by non-California plaintiffs were purchased outside of California, and because Defendants are both incorporated and have their principal place of business in Texas; and
- Plaintiffs have failed to establish standing to sue under the laws of states where they do not reside and did not purchase the product(s) at issue.

In the alternative, Defendants request the Court stay the action pursuant to the primary jurisdiction doctrine because the FDA has announced that it will soon issue critical guidance relating to "natural" labeling, which will be instructive for, if not dispositive of, the singular issue in this action.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 4, 2018.

This Motion is further based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any reply memorandum submitted by Defendants, the pleadings and filings in this action, any additional matter of which the Court may take judicial notice, and such further evidence or argument as may be presented before or at the hearing on this Motion.

| | |
|---|---|
| DATED: October 12, 2018 | SIDLEY AUSTIN LLP |
| | By: */s/ Rachel A. Straus*<br>Rachel A. Straus<br>Attorneys for Defendant<br>MIDWAY IMPORTING, INC. |