Michael L. Mallow (SBN 188745)
*mmallow@sidley.com*
Amy P. Lally (SBN 198555)
*alally@sidley.com*
Rachel A. Straus (SBN 268836)
*rstraus@sidley.com*
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9662
Facsimile: +1 310 595 9501

Alexandria V. Ruiz (SBN 313286)
*aruiz@sidley.com*
SIDLEY AUSTIN LLP
555 West Fifth Street, 40th Floor
Los Angeles, CA 90013
Telephone: +1 213 896 6666
Facsimile: +1 213 896 6600

Attorneys for Defendants
MIDWAY IMPORTING, INC. and
GRISI USA, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Balmore Prudencio and Michelle Quintero, individually on behalf of themselves and all others similarly situated, and John Does (1-100) on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>Midway Importing, Inc. and Grisi USA, LLC<br><br>Defendants. | Case No. 2:18-cv-01469-AB-RAO<br><br>Assigned to: Hon. Andre Birotte, Jr.<br><br>**DEFENDANTS MIDWAY IMPORTING, INC. AND GRISI USA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:       December 14, 2018<br>Time:       10:00 a.m.<br>Ctrm::      7B<br><br>Complaint Filed:  February 22, 2018 |

# TABLE OF CONTENTS

**Page**

ARGUMENT ........................................................................................................ 1

I.     Plaintiffs' Arguments Highlight That They Have Once Again Failed to Sufficiently Allege That Defendants Are Liable Under Any Plausible Legal Theory.......................................................................................................... 1

II.    Plaintiffs Have Still Not Adequately Pled Any of Their Causes of Action. ........ 3

    A.     Plaintiffs' Misrepresentation Claims Fail Because "Natural Soap" is Not Plausibly Deceiving or Misleading. ................................. 3

    B.     Plaintiffs Fail to Satisfy Rule 9's Heightened Pleading Standard. ........... 6

    C.     Plaintiffs Fail to State Claims for Breach of Express Warranty. .............. 6

    D.     Plaintiffs' Claim for Breach of Implied Warranty Fails. ........................ 7

    E.     Plaintiffs' MMWA Claim Fails Because the Act Does Not Apply. .......... 8

    F.     Plaintiffs' Claim for Violation of State Consumer Protection Statutes Should Be Dismissed........................................................... 8

III.   Claims by Non-California Purchasers and Claims Based on Other States' Laws Should be Dismissed.................................................................................... 9

    A.     The Court Lacks Jurisdiction over Non-California Purchasers' Claims........................................................................................................ 9

    B.     Plaintiffs Lack Standing to Bring Non-California Claims....................... 10

IV.    Plaintiffs Lack Standing to Seek Prospective Injunctive Relief. ....................... 12

    A.     Plaintiffs Lack Standing as to Products Not Purchased.......................... 13

V.     Plaintiffs' Claims Should be Stayed Because FDA Guidance Regarding "Natural" Food Labeling Will Inform "Natural" Cosmetic Products. ............... 14

VI.    Plaintiffs Should Not Be Provided With Leave to Amend. .............................. 15

CONCLUSION................................................................................................... 15

237480573

i

DEFENDANTS MIDWAY IMPORTING, INC. AND GRISI USA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT - 2:18-cv-01469-AB-RAO

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                    **Page(s)**

*In re Aftermarket Automotive Lighting Prods. Litig.*,
No. 09 MDL 2007-GW(PJWx), 2009 WL 9502003 (C.D. Cal. July 6, 2009) .................................................................................................... 11

*Aguiar v. Merisant Co.*,
No. 14-00670-RGK-AGRx, 2014 WL 6492220 (C.D. Cal. Mar. 14, 2014) ...................................................................................................... 4

*Amchem Prods., Inc., v. Windsor*,
521 U.S. 591 (1997)........................................................................... 10

*Brenner v. Proctor Gamble*,
No. SACV 16-1093-JLS (JCG), 2016 WL 8192946 (C.D. Cal. Oct. 20, 2016) ...................................................................................................... 6

*Brian Kutza v. Williams-Sonoma, Inc.*,
No. 18-cv-03534-RS, 2018 WL 5886611 (N.D. Cal. Nov. 9, 2018) ....................... 5

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*,
137 S. Ct. 1773 (2017)................................................................... 9, 10

*Brown v. Hain Celestial Grp., Inc.*,
913 F. Supp. 2d 881 (N.D. Cal. 2012)............................................. 5, 7

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*,
MDL No. 09-2047, 2017 WL 5971622 (E.D. La. Nov. 30, 2017) ............... 9, 10

*Davidson v. Kimberly-Clark Corp.*,
873 F.3d 1103 (9th Cir. 2017), *amended and superseded*, 889 F.3d 956 (9th Cir. 2018) ......................................................................... 12

*In re Dental Supplies Antitrust Litig.*,
No. 16 Civ. 696 (BMC)(GRB), 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) ..................................................................................................... 9

*Dorfman v. Nutramax Labs., Inc.*,
No. 13cv0873 WQH (RBB), 2013 WL 5353043 (S.D. Cal. Sept. 23, 2013) ................................................................................................... 14

237480573

*Dysthe v. Basic Research LLC*,
   No. CV 09- 8013 AG(SSx), 2011 WL 5868307 (C.D. Cal.
   June 13, 2011)................................................................................................ 14

*Ebeid ex rel. U.S. v. Lungwitz*,
   616 F.3d 993 (9th Cir. 2010) ........................................................................... 6

*Emery v. Vista Int'l Serv. Ass'n*,
   95 Cal. App. 4th 952 (2002) ............................................................................ 2

*Gasser v. Kiss My Face LLC*,
   No. 17-cv-01675-JSC, 2017 WL 4773426 (N.D. Cal. Oct. 23, 2017)............... 5, 7

*Harris v. CVS Pharmacy Inc.*,
   No. ED CV 13–02329–AB(AGRx), 2015 WL 4694047 (C.D. Cal.
   Aug. 6, 2015) ........................................................................................... 10, 11

*Haskell v. Time, Inc.*,
   857 F. Supp. 1392 (E.D. Cal. 1994) ................................................................ 5

*Hill v. Roll Int'l Corp.*,
   195 Cal. App. 4th 1295 (2011) ........................................................................ 3

*Hunter v. Nature's Way Prods., LLC*,
   No. 16cv532-WQH-BLM, 2016 WL 4262188 (S.D. Cal. Aug. 12,
   2016) ............................................................................................................... 14

*In re Hydroxycut Mktg. and Sales Practices Litig.*,
   299 F.R.D. 648 (2014)...................................................................................... 2

*Jou v. Kimberly Clark Corp.*,
   No. C-13-03075 JSC, 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) ............... 4

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ......................................................................... 6

*Lam v. Gen. Mills, Inc.*,
   859 F. Supp. 2d 1097 (N.D. Cal. 2012) ........................................................... 7

*Lanovaz v. Twinings N. Am., Inc.*,
   726 Fed. Appx. 590 (9th Cir. 2018) ................................................................ 13

237480573

DEFENDANTS MIDWAY IMPORTING, INC. AND GRISI USA, LLC'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED CLASS ACTION COMPLAINT - 2:18-cv-01469-AB-RAO

*Madenlian v. Flax USA Inc.*,
    SACV 13-01748 JVS (JPRx), 2014 WL 7723578 (C.D. Cal.
    Mar. 31, 2014) ..................................................................................... 7

*McKinniss v. Gen. Mills, Inc.*,
    No. 07-cv-2521 GAF, 2007 WL 4762172 (C.D. Cal. Sept. 18, 2007) ................... 7

*Miller v. Ghirardelli Chocolate Co.*,
    912 F. Supp. 2d 861 (N.D. Cal. 2012).......................................... 13, 14

*Pardini v. Unilever United States, Inc.*,
    961 F. Supp. 2d 1048 (N.D. Cal. 2013).................................................. 11

*Rugg v. Johnson & Johnson*,
    No. 17-CV-05010-BLF, 2018 WL 3023493 (N.D. Cal. Jan. 18, 2018)................. 12

*Salameh v. Tarsadia Hotel*,
    726 F.3d 1124 (9th Cir. 2013) ............................................................ 15

*In re Samsung Galaxy Smartphone Mktg. and Sales Practices Litig.*,
    No. 16-cv-06391-BLF, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018)................. 9

*Saul v. United States*,
    928 F.2d 829 (1991) ........................................................................... 15

*Smedt v. The Hain Celestial Grp., Inc.*,
    No. 12-cv-03029, 2014 WL 2466881 (N.D. Cal. May 30, 2014) ...................... 13

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .................................................................. 3

*Swearingen v. Late July Snacks, LLC*,
    No. 13-cv-04324-EMC, 2017 WL 4641896 (N.D. Cal. Oct. 16, 2017).................. 14

*Tortilla Factory, LLC v. Better Booch, LLC*,
    No. 2:18-cv-02980-CAS, 2018 WL 4378700 (C.D. Cal.
    Sept. 13, 2018)................................................................................... 2

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales
    Practices, and Prod. Liab. Litig.*,
    754 F. Supp. 2d 1145 (C.D. Cal. 2010).................................................. 7

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................... 6

iv

237480573

DEFENDANTS MIDWAY IMPORTING, INC. AND GRISI USA, LLC'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED CLASS ACTION COMPLAINT - 2:18-cv-01469-AB-RAO

*Viggiano v. Hansen Nat. Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) ........................................................ 8

*Walden v. Fiore*,
   571 U.S. 177 (2014) ................................................................................... 9

**Statutes**

28 U.S.C. § 2072(b) ........................................................................................ 10

**Other Authorities**

Cara AM Bondi et al., *Human and Environmental Toxicity of Sodium
   Lauryl Sulfate (SLS): Evidence for Safe Use in Household Cleaning
   Products*, 9 ENVTL. HEALTH INSIGHTS, 27, 27-32 (2015),
   https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4651417/ .................................. 4

Fed. R. Civ. P. 8 ............................................................................................... 8

Fed. R. Civ. P. 9 ................................................................................... 3, 6, 8, 13

Fed. R. Civ. P. 23 ........................................................................................... 10

237480573

Plaintiffs' Opposition to Defendants Midway Importing, Inc. and Grisi, USA, LLC's ("Defendants") Motion to Dismiss the Second Amended Class Action Complaint ("SAC") is unpersuasive and provides no basis for allowing Plaintiffs' deficient claims to go forward. The SAC should be dismissed in its entirety.

## ARGUMENT

### I. Plaintiffs' Arguments Highlight That They Have Once Again Failed to Sufficiently Allege That Defendants Are Liable Under Any Plausible Legal Theory.

As the Court recognized in dismissing Plaintiffs' First Amended Complaint, the critical deficiency with Plaintiffs' claims is that they did not "in any way link [Midway] to the marketing and promotion of [the Products], let alone to the alleged "natural" misrepresentation on their boxes." Order at 3. Plaintiffs claim that they have cured this deficiency by adding "significant detail regarding the advertising and marketing operations of Defendants and their connection to the manufacturer of the Products." Opp'n at 2. Even if Plaintiffs have added details regarding the advertising and marketing operations of Defendants generally, this does not solve the problem with Plaintiffs' claims because they do not, and cannot, allege that Midway and Grisi USA are responsible for the "natural soap" labeling of the four Grisi Mexico soap bars at issue in this case (the "Products").

Plaintiffs argue they adequately alleged Defendants "authorized" the labeling by pointing to the following: (1) the Midway website noting that Midway offers services like "distribution support strategy that includes marketing & promotions," (2) a statement by an employee of Grisi Mexico that Midway markets soaps and beauty products in the United States, and (3) Oliver Pegueros listing his position on LinkedIn as "Business Manager at Grisi USA at Midway" and describing his role as "overseeing all marketing aspects of Grisi brands in the United States." Opp'n at 2-3. These allegations may support Plaintiffs' argument that Midway may have some involvement in marketing Grisi Products in the United States, but they say nothing about whether

237480573

1

DEFENDANTS MIDWAY IMPORTING, INC. AND GRISI USA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT - 2:18-cv-01469-AB-RAO

1  Midway is involved in the labeling of any products, let alone the "natural soap" label-

2  ing on the four Products at issue here, which is the sole focus in this case. Plaintiffs'

3  allegations are more deficient as they relate to Grisi USA because Plaintiffs do not al-

4  lege that Grisi USA is involved in the marketing of any of the Products in the United

5  States.

6        Plaintiffs' other argument is that because Grisi Mexico owns 51% of Midway

7  and Grisi USA is a subsidiary of Grisi Mexico, Midway and Grisi USA somehow "au-

8  thorized" the "natural soap" label on the Products. But these allegations regarding par-

9  tial ownership fail to establish Defendants are responsible for the labeling of the Prod-

10  ucts. Plaintiffs appear to want to invoke some principle of secondary liability (e.g.,

11  agency law or the alter-ego doctrine, etc.), but Plaintiffs have not, and cannot, present

12  any authority that suggests that a company that is partially owned by another company

13  is responsible for the actions of the other company. In any event, California law does

14  not recognize secondary liability for the claims Plaintiffs assert. "[A] defendant's lia-

15  bility for unfair business practices must be based on his personal 'participation in the

16  unlawful practices' and 'unbridled control' over the practices." *In re Hydroxycut*

17  *Mktg. and Sales Practices Litig.*, 299 F.R.D. 648, 656 (2014) (citing *Emery v. Vista*

18  *Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002)); *see also Tortilla Factory, LLC v.*

19  *Better Booch, LLC*, No. 2:18-cv-02980-CAS (SKx), 2018 WL 4378700, at *1 (C.D.

20  Cal. Sept. 13, 2018).[1]

21        In the SAC Plaintiffs did little more than add a defendant with a similar name to

22  Grisi Mexico and add allegations that suggest that: (1) Midway may be involved in

23  some aspect of marketing and advertising the Products; and (2) Defendants are related

24

25      [1] According to Plaintiffs, the cases cited by Defendants are unavailing because the
allegations in those cases were based on information and belief, as opposed to Plain-

26  tiffs' allegations, which Plaintiffs claim are "well-supported by additional facts." *See*
Opp'n at 2, n.1. Plaintiffs' argument is misplaced. Even if Plaintiffs' allegations are

27  supported by additional facts, which as discussed above they are not, Plaintiffs have
failed to allege, let alone "support by additional facts," that Defendants personally par-

28  ticipated and had "unbridled control" over the labeling of the Products.

2

to Grisi Mexico. None of Plaintiffs' allegations suggest that either defendant was involved in creating the "natural soap" label on the Products. For this reason alone, Plaintiffs' claims should once again be dismissed. Order at 3-4.

Additionally, Plaintiffs admit they have not distinguished Defendants, as required by Rule 9(b). Opp'n at 3. Rather, Plaintiffs argue that they do not need to because "the SAC alleges that Defendants share employees and ownership and work jointly in marketing and advertising the Products in the United States." *Id*. Not only is this untrue (at best Plaintiffs allege a relationship to Grisi Mexico, not each other), but, again, this says nothing about each Defendants' role in labeling the Products. To satisfy the applicable pleading requirements, Plaintiffs needed to provide a factual basis to distinguish the conduct of Midway and Grisi USA as it relates to Plaintiffs' claims that the "natural soap" label was false and deceptive, which Plaintiffs fail to do. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

## II.   Plaintiffs Have Still Not Adequately Pled Any of Their Causes of Action.

### A.   Plaintiffs' Misrepresentation Claims Fail Because "Natural Soap" is Not Plausibly Deceiving or Misleading.

Plaintiffs do not dispute that their CLRA and UCL labeling claims are actionable only if the Products' packaging is likely to deceive a "reasonable" consumer. Plaintiffs also do not dispute that the Products' ingredient list discloses – in all capital letters, in English and in Spanish – the allegedly synthetic ingredients about which they complain. Instead, they dispute that a reasonable consumer who "value[s] natural products for important reasons," SAC ¶ 22, would disregard the rest of the Products' packaging, including the ingredient list, and instead assume, based solely on "natural soap," that the Products contain *exclusively* natural ingredients. Plaintiffs' position is simply implausible on its face.[2] Plaintiffs cannot plausibly allege that they "value" natural products and blindly pay a price premium for them, but then fail to even turn

---

[2] *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) (under the CLRA, UCL, and FAL, a plaintiff must show "potential deception of consumers acting reasonably in the circumstances—not just any consumers").

237480573

3

DEFENDANTS MIDWAY IMPORTING, INC. AND GRISI USA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT - 2:18-cv-01469-AB-RAO

1    the packaging slightly to the side to review the ingredient list.

2         Defendants do not contend, nor advocate for, this Court to find that any use of

3    the word "natural" is, as a matter of law, not misleading. Instead, Defendants maintain

4    that the use of "natural" on the labels of the Products in this case is not misleading be-

5    cause Plaintiffs cannot plausibly allege they were deceived when the label is entirely

6    consistent with ingredients of the Product, which was in close proximity to the repre-

7    sentation they purport to rely.

8         Plaintiffs seek to take advantage of favorable authority regarding the use of

9    phrases like "100% natural" and "all natural." *See* Opp'n at 18.[3] These cases are inap-

10   posite because, as Plaintiffs acknowledge, the allegedly deceptive label here does not

11   claim that the soaps are "100% natural" or "all natural." *Id*. The phrases are different,

12   and they necessarily mean different things. While one suggests the presence of natural

13   ingredients, the other implies the absence of synthetic ingredients.[4]

14        Plaintiffs' other authority is equally distinguishable. For example, in *Brenner v.*

15   *Proctor & Gamble Co.*—in which the court recognized that "a court's inquiry should

16   be context-specific"—the ingredient list was not in close proximity to the allegedly

17   deceptive phrase "natural clean," as it is here. No. SACV 16-1093-JLS(JCG), 2016

18   WL 8192946, at *6 (C.D. Cal. Oct. 20, 2016). Moreover, in *Brenner*, the court was

19   not only focused on whether the product contained synthetic ingredients, but also,

20   whether it was plausible that a reasonable consumer would believe such a product did

21

22   _____

     [3] For example, in *Jou v. Kimberly Clark Corp.*, the allegedly deceptive representa-
23   tion was "pure and natural," which the court viewed as akin to "purely natural," "all
     natural" or "100% natural." No. C-13-03075 JSC, 2013 WL 6491158, at *7 (N.D. Cal.
24   Dec. 10, 2013). Similarly in *Aguiar v. Merisant Co.*, the product's packaging and la-
     beling, as well as statements on the website, used phrases such as "all natural" and
25   "only contains natural sweeteners." No. 14-00670-RGK-AGRx, 2014 WL 6492220, at
     *2 (C.D. Cal. Mar. 14, 2014).
26   [4] To be clear, Defendants are in no way conceding that there are any "synthetic in-
     gredients" in the Products. All of the ingredients that Plaintiffs allege are "synthetic,"
27   can be commercially derived from natural sources. *See*, *e.g.*, Cara AM Bondi et al.,
     *Human and Environmental Toxicity of Sodium Lauryl Sulfate (SLS): Evidence for Safe*
28   *Use in Household Cleaning Products*, 9 Envtl. Health Insights, 27, 27-32 (2015),
     https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4651417/.

                                           4

237480573

not contain any potentially harmful chemicals. *Id.* at *5. As the court explained, Plaintiffs' references to an FTC enforcement action and FDA and French government safety advisories supported plaintiff's assertion that purportedly synthetic ingredient was "potentially harmful." *Id.* Plaintiffs do not allege that the purportedly synthetic ingredients here are harmful, nor can they point to any such government actions or safety advisories. In *Brown v. Hain Celestial Grp., Inc.*, plaintiffs alleged that defendant's representation that the products were "organic" was false and deceptive because the products contained "insufficient organic content under the applicable laws to make such a claim." 913 F. Supp. 2d 881, 885 (2012). Plaintiffs do not allege the Products are organic, nor do they allege that the "natural soap" label violated any laws."[5]

Plaintiffs also contend that Defendants' argument is inappropriate for disposition on a motion to dismiss. Opp'n at 18. Plaintiffs' argument is misplaced. If the alleged misrepresentation would not mislead a reasonable consumer, then the allegation may be dismissed on a motion to dismiss. *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994). Relying on this principal, courts have repeatedly dismissed false advertising claims at the pleading stage where a plaintiff's allegations were similarly implausible. *See, e.g.*, *Gasser v. Kiss My Face LLC*, No. 17-cv-01675-JSC, 2017 WL 4773426 at *5 (N.D. Cal. Oct. 23, 2017) (dismissing claims based on statements "nourish naturally with our botanical blends" and "obsessively natural kids" because a reasonable consumer would not interpret them "to mean the product does not contain a single synthetic ingredient.").

---

[5] This case is also distinguishable from the recently decided *Brian Kutza v. Williams-Sonoma, Inc.,* No. 18-cv-03534-RS, 2018 WL 5886611 (N.D. Cal. Nov. 9, 2018). In *Kutza*, defendants' marketing materials for the over 60 products at issue in the case were "'replete with statements'" that the products were natural and the marketing materials included phrases such as "'completely natural ingredients.'" *Id.* at *1. Plaintiffs also claimed that defendant "'cultivates'" its image as "'a natural, non-synthetic, health and eco-friendly brand.'" *Id.* Although the court acknowledged that defendant "undoubtedly" had "strong arguments" that its marketing was not false or deceptive, the court found that due to the "*cumulative effects*" of the labeling and marketing," it could not find as a matter of law that the defendant's advertising and marketing was deceptive. *Id.* at *4 (emphasis added). This is a very different scenario than the one "natural soap" representation at issue here.

237480573

## B.   Plaintiffs Fail to Satisfy Rule 9's Heightened Pleading Standard.

Pursuant to Rule 9's heightened pleading standard, Rule 9 requires that Plaintiffs' CLRA and UCL claims set forth something "more than the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Plaintiffs must also "set forth what is false or misleading about a statement, and why it is false." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). Despite Plaintiffs' assertions to the contrary, the SAC sets forth nothing more than the "neutral facts" of the Plaintiffs' purchases. *See, e.g.*, SAC ¶¶ 8, 10. As explained in Defendants' Motion, Plaintiffs fail to sufficiently allege how the phrase "natural soap" is false and misleading because they do not assert a basis for their contention that the products are not, in fact, natural. Mot. at 8. Notably, Plaintiffs do not dispute that the Products contain mostly natural ingredients, nor do they allege that the Products' packaging states that the Products contain "all" or "only" natural ingredients. Without these allegations, Plaintiffs do not satisfy the heightened standard of Rule 9 and their claims should be dismissed.

## C.   Plaintiffs Fail to State Claims for Breach of Express Warranty.

In opposing Defendants' argument, Plaintiffs cite cases concerning "*all* natural" representations in support of their assertion that the phrase "natural soap" constitutes an "affirmation of fact" under California law. Opp'n at 21. Here, not only do Defendants never make such a claim, but the Product labels clearly disclose all of the ingredients in the soap, including the ingredients that Plaintiffs allege are "synthetic."[6] As noted in the Motion, those disclosures bar Plaintiffs' express warranty claim. Mot. at

---

[6] Plaintiffs do not cite *Brenner* to support their argument that they sufficiently alleged a breach of express warranty claim, but the court in *Brenner* did find that plaintiff's allegation that the product was "natural" was sufficient to plead a breach of express warranty claim. 2016 WL 8192946, at *6. As discussed above, the clear disclosure of all the ingredients of the soap and the close proximity of that ingredient list to the allegedly deceptive "natural soap" representation at issue here makes this case distinguishable from *Brenner*, and is the reason Plaintiffs fail to state a breach of express warranty claim. *See* Mot. at 13-14.

6

237480573

13-14[7]; *see also Gasser*, 2017 WL 4773426 at *7.

### D. Plaintiffs' Claim for Breach of Implied Warranty Fails.

Plaintiffs claim that the phrase "natural soap" constitutes a "promise or affirmation of fact" that the Products do not conform to. Opp'n at 22. However, as Defendants have already established, "natural soap" does not qualify as either a promise or affirmation of fact. *See* Mot. at 13-14. Thus, they have not stated a claim for breach of implied warranty of merchantability under California law.

Plaintiffs also seek to avoid California's well-established privity requirement by invoking the third-party beneficiary exception. Opp'n at 22-23. However, this exception is inapplicable, whereas here, Plaintiffs fail to plausibly allege they are beneficiaries to a contract that gives rise to an implied warranty. *Cf. In re Toyota Unintended Acceleration Mktg., Sales Practices, and Prod. Liab. Litig.*, 754 F. Supp. 2d 1145, 1184-85 (C.D. Cal. 2010) (finding third-party beneficiary exception adequately pleaded where plaintiffs alleged they purchased vehicles from a network of dealers who were agents of defendants and were intended consumers under the warranty agreements which they, not the dealers, had rights under). Moreover, Plaintiffs assert no plausible basis for the application of this exception here, where Defendants are neither the manufacturer nor retailer of the Products. As a result, this exception is inapplicable.

Finally, as discussed in the Motion, to state a claim for breach of implied warranty, Plaintiffs must allege that the products were not fit for ordinary use, *i.e.*, as

---

[7] Plaintiffs' argument that *McKinniss v. Gen. Mills, Inc.*, No. 07-cv-2521 GAF (FMOx), 2007 WL 4762172, at *5 (C.D. Cal. Sept. 18, 2007) has been distinguished and limited by subsequent decisions in this Circuit is irrelevant because the cases Plaintiffs claim distinguish and limit *McKinniss* are inapplicable. *Madenlian v. Flax USA Inc.*, SACV 13-01748 JVS (JPRx), 2014 WL 7723578 (C.D. Cal. Mar. 31, 2014) and *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097 (N.D. Cal. 2012), unlike here, involve an allegedly deceptive label that was *not* consistent with the product's ingredients. In *Brown*, the court distinguished *McKiniss* because *McKiniss* did not involve an organic label. 913 F. Supp. 2d 881, 885 (2012). Here too, Plaintiffs' claims have nothing to do with an organic label, and so, the distinction discussed by the *Brown* Court is irrelevant to Plaintiffs' "natural" claims.

237480573

soap. Mot. at 16. Because no such allegations are made, Plaintiffs' breach of implied warranty claim must be dismissed. *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 895-96 (C.D. Cal. 2013).

### E.   Plaintiffs' MMWA Claim Fails Because the Act Does Not Apply.

Contrary to Plaintiffs' assertions, their MMWA claim necessarily fails. The Products, which Plaintiffs claim are misbranded as "natural," do not constitute warranties under the Act. As noted in the Motion, courts in this Circuit have consistently held that "natural" labels are "mere product descriptions" that do not constitute a written warranty as defined by the Act. Mot. at 15. Plaintiffs also have not adequately pleaded their express and implied warranty claims under state law and thus cannot rely on those for purposes of stating their MMWA claims. *See supra* Sect. II. C and D.

### F.   Plaintiffs' Claim for Violation of State Consumer Protection Statutes Should Be Dismissed.

Plaintiffs maintain that they have pleaded, with particularity, their claims for violations of the state consumer protection statutes of all states. Aside from the fact that this Court lacks jurisdiction over claims by out-of-state putative class members related to out-of-state transactions and Plaintiffs lack standing to bring non-California claims (*see infra* Sect. III. A and B), Plaintiffs' allegations are insufficient under the pleading standards of both Rule 8 and Rule 9. General allegations of violations of various consumer protection laws, like those in the SAC, fail to state a claim for relief. Again, Plaintiffs do not incorporate the laws of other states into the SAC, nor have they tied Defendants' to conduct that would violate each of these statutes. Mot. at 13. Moreover, such allegations fail to meet the heightened pleading standard of Rule 9. As set forth here and in the Motion, Plaintiffs fail to sufficiently allege how the phrase "natural soap" is false and misleading because they do not assert a basis for their contention that the Products are not, in fact, natural. Mot. at 8.

237480573

8

DEFENDANTS MIDWAY IMPORTING, INC. AND GRISI USA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT - 2:18-cv-01469-AB-RAO

### III.    Claims by Non-California Purchasers and Claims Based on Other States' Laws Should be Dismissed.

#### A.    The Court Lacks Jurisdiction over Non-California Purchasers' Claims.

Plaintiffs do not dispute that there is no general jurisdiction over Defendants, both Texas companies, in California, but assert that there is specific jurisdiction over non-California purchasers because the Supreme Court in *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.,* 137 S. Ct. 1773 (2017), did not affirmatively address personal jurisdiction in the context of federal courts. *See* Opp'n at 4-9. As discussed in the Motion, as to putative class members that purchased products outside of California, not only is that wrong, but the majority of federal district courts agree that the Supreme Court's holding in *Bristol-Myers Squibb* applies equally to jurisdiction in federal court. Mot. at 18.

Plaintiffs also argue that the holding in *Bristol-Myers Squibb* should not apply to class actions because (1) non-named plaintiffs are not real parties in interest for jurisdictional purposes; and (2) class actions are "subject to additional due process safeguards" which mass torts are not. These arguments also lack merit. As an initial matter, whether a plaintiff is a named plaintiff or an absent class member has nothing whatsoever to do with whether a court has personal jurisdiction over the ***defendant*** in the action. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("[d]ue process limits" "principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties.").[8] Second, Plaintiffs' suggestion that the standards for personal jurisdiction should be relaxed because class actions are subject to Federal Rule of

---

[8] *See also, In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696 (BMC)(GRB), 2017 WL 4217115, at \*9 (E.D.N.Y. Sept. 20, 2017) (rejecting plaintiffs' argument that BMS does not apply in class actions and explaining that "[t]he constitutional requirements of due process does [*sic*] not wax and wane when the complaint is individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case."); *In re Samsung Galaxy Smartphone Mktg. and Sales Practices Litig.*, No. 16-cv-06391-BLF, 2018 WL 1576457, at \*2 (N.D. Cal. Mar. 30, 2018) (determining that a plaintiff in a putative class action "must satisfy the standards set forth in *Bristol-Myers*").

237480573

1   Civil Procedure 23 directly conflicts with the Rules Enabling Act, which makes clear

2   that Rule 23 "shall not abridge, enlarge or modify any substantive right." 28 U.S.C.

3   § 2072(b); *see also* Fed. R. Civ. P. 82 (noting that the FRCP "do not extend . . . the ju-

4   risdiction of the district courts"); *Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 612-

5   13 (1997) ("We therefore follow the path taken by the Court of Appeals, mindful that

6   Rule 23's requirements must be interpreted in keeping with Article III constraints, and

7   with the Rules Enabling Act, which instructs that rules of procedure '"shall not

8   abridge, enlarge or modify any substantive right[.]"').

9        Finally, while Plaintiffs rely heavily on the court's analysis of *Bristol-Myers*

10   *Squibb* in *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 09-

11   2047, 2017 WL 5971622 (E.D. La. Nov. 30, 2017), the court in that case pointed out

12   that *Bristol-Myers Squibb* concerned a situation that was not present in *Chinese Dry-*

13   *wall* – namely, that the plaintiffs in *Bristol-Myers Squibb* had engaged in blatant fo-

14   rum shopping, which "[t]he Supreme Court rightly halted." *Id.* at *16. So too here.

15   Plaintiff Rivera (who has since been voluntarily dismissed from this case) initially

16   brought his claims in New York, where he resides and where he purchased the product

17   at issue. He later voluntarily dismissed those claims when the New York district court

18   informed him that he was unlikely to receive an opportunity to amend after the court's

19   decision on Midway's motion to dismiss and refiled in California along with two Cali-

20   fornia plaintiffs. *See* Mot. at 10, n.1. Plaintiffs' blatant forum shopping warrants dis-

21   missal of non-California claims under *Chinese Drywall*.

22        **B.   Plaintiffs Lack Standing to Bring Non-California Claims.**

23        Although Plaintiffs argue that they "are not seeking to apply the laws of other

24   states [where they do not reside] to their individual claims," Opp'n at 10, that is ***pre-***

25   ***cisely*** what Plaintiffs are trying to do. SAC ¶¶ 78-86, 96-101. However, this Court

26   has squarely addressed this issue in *Harris v. CVS Pharmacy Inc.*, No. ED CV 13–

27   02329–AB(AGRx), 2015 WL 4694047, at *4-5 (C.D. Cal. Aug. 6, 2015), and deter-

28   mined that named plaintiffs do not have standing to assert claims under the laws of

237480573

10

DEFENDANTS MIDWAY IMPORTING, INC. AND GRISI USA, LLC'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED CLASS ACTION COMPLAINT - 2:18-cv-01469-AB-RAO

states where they do not reside or did not purchase the products at issue.

As discussed in the moving brief, *see* Mot. at 19-20, *Harris* concerned a single named plaintiff who resided in and purchased products from CVS in California. *Harris*, 2015 WL 4694047, at *4. The Harris plaintiff brought separate causes of action under both California and Rhode Island consumer protection statutes. *Harris*, 2015 WL 4694047, at *4-5. Finding the named plaintiff lacked standing to bring a claim under the law of a state (Rhode Island) in which he did not reside and from which he did not purchase the products at issue, this Court dismissed the plaintiff's Rhode Island consumer protection claim. *Harris*, 2015 WL 4694047, at *5, 8.

Plaintiffs attempt to do ***exactly*** the same thing here. While each of the named plaintiffs allegedly purchased the Products and reside in ***California***, Plaintiffs nevertheless bring causes of action for breach of express warranty and violation of consumer protection statutes under each of the other 48 states and the District of Columbia. SAC ¶¶ 78-86, 96-101. Plaintiffs have pleaded no basis whatsoever to bring claims under the laws of states where they do not reside and did not purchase the Products, i.e., any state other than California. Thus, pursuant to this Court's decision in *Harris*, Plaintiffs' foreign state law claims (Counts Six and Eight) must be dismissed. Numerous other courts are in accord.[9]

Plaintiffs also argue that their right to sue under the laws of foreign states is one best left for class certification. This Court addressed, and rejected, the very same argument in *Harris*. 2015 WL 4694047, at *5-6. Whether Plaintiffs have standing to sue under the laws of states in which they do not reside and did not purchase the products at issue "goes to the heart of the Court's subject-matter jurisdiction and should be decided as soon as possible." *Id.* at *5; *see also Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) ("Thus, Plaintiff does not have standing

---

[9] *See, e.g., In re Aftermarket Automotive Lighting Prods. Litig.*, No. 09 MDL 2007-GW(PJWx), 2009 WL 9502003, *6 (C.D. Cal. July 6, 2009) ("Courts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce.").

237480573

1  to assert a claim under the consumer protection laws of the other states named in the

2  Complaint. This is a pleading defect amenable to determination prior to a motion for

3  class certification.").

4  **IV.    Plaintiffs Lack Standing to Seek Prospective Injunctive Relief.**

5         Plaintiffs argue that they have standing to seek injunctive relief pursuant to the

6  Ninth Circuit's decision in *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th

7  Cir. 2017), *amended and superseded*, 889 F.3d 956 (9th Cir. 2018). Plaintiffs' case is

8  not *Davidson*. Davidson alleged, absent an injunction, she "*[would be] unable to de-*

9  *termine, based on the packaging*, whether the wipes [were] truly flushable" as stated

10 on the label. *Id.* at 962 (emphasis added). Plaintiffs' situation is different. Plaintiffs al-

11 lege that they "would purchase the Products again if the ingredients were changed so

12 that they indeed were 'Natural.'" SAC ¶¶ 55, 57. Unlike in *Davidson*, Plaintiffs do not

13 need an injunction to help them make this determination. Rather, they can simply re-

14 view the ingredient list in English or Spanish on either side of the Grisi Soap Prod-

15 ucts' packaging.[10]

16        Critical to *Davidson* was the plaintiff's very specific factual allegations that she

17 "regularly" visited stores selling defendant's products and was "continually" exposed

18 to the representations on the products' packaging. *See Davidson*, 889 F.3d 956, 970-

19 71 (acknowledging that the decision was a "close question"). Plaintiffs make no such

20 allegations here. *See Rugg v. Johnson & Johnson*, No. 17-CV-05010-BLF, 2018 WL

21 3023493, at *7 (N.D. Cal. Jan. 18, 2018) (dismissing injunctive relief claim where

22 plaintiff failed to allege facts similar to those set forth in *Davidson*).

23        Further, unless and until the Products are reformulated to remove the ingredi-

24 ents about which Plaintiffs complain, which is merely hypothetical, Plaintiffs cannot

25 plausibly allege that they face an "imminent or actual threat" of future harm. In other

26        [10] Plaintiffs' argument that a reasonable consumer is not required to review the in-
27 gredient list, even if true (and it is not), is illogical and irrelevant. Plaintiffs allege they
   would purchase the Products again only "if the ingredients were changed." The only
28 way Plaintiffs will know that the ingredients have changed is by reading the ingredient
   list.

237480573

words, Plaintiffs' allegations amount to nothing more than a declaration of intent to purchase a product not currently in existence. Such allegations are simply insufficient to establish standing for injunctive relief. *Lanovaz v. Twinings N. Am., Inc.*, 726 Fed. Appx. 590, 591 (9th Cir. 2018) ("A 'some day' intention[]—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do[es] not support a finding of the 'actual or imminent' injury that Article III requires.").

### A.     Plaintiffs Lack Standing as to Products Not Purchased.

Plaintiffs argue that they have standing to pursue claims regarding the "Donkey's Milk" and "Oat" soaps they did not purchase because the "natural soap" statements on each of the Products are identical. But courts have repeatedly held that such an allegation, standing alone, is insufficient to confer standing as to products not purchased. Rather, Plaintiffs must plead facts sufficient to show that the ***products themselves*** are "substantially similar." *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 870 (N.D. Cal. 2012) ("Where the alleged misrepresentation *or* accused products are dissimilar, courts tend to dismiss claims to the extent they are based on products not purchased.") (emphasis added). The plaintiff in *Smedt v. The Hain Celestial Grp., Inc.* "allege[d] that the products 'ma[d]e the exact same representations, violate[d] the exact same regulations in the same manner, and [we]re essentially the exact same products, except for flavor' as those products she did purchase." No. 12-cv-03029-EJD, 2014 WL 2466881, at *7 (N.D. Cal. May 30, 2014). Nevertheless, the court could not "determine from the pleadings whether the named products [were], in fact, substantially similar to the purchased products . . . especially considering the heightened pleading standard of Rule 9(b) . . . ." *Id.* Thus, the court held that the plaintiff lacked standing to bring claims as to unpurchased products because she had "not alleged the similarity of the products with sufficient particularity." *Id.* The same result is warranted here. Plaintiffs have done nothing more than baldly allege that the

13

237480573

1  Products are similar because they are soap. Further, as discussed in detail in Defend-

2  ants' Motion, Plaintiffs **cannot** allege "substantial similarity" because the ***Products***

3  ***are not similar***. *See* Mot. at 22-23.

4          Plaintiffs' cited cases are inapposite. Those cases concerned the limited situa-

5  tion where the products' differences were unrelated to the plaintiffs' specific false ad-

6  vertising claims.[11] But in cases where the success of the plaintiff's claims hinge on the

7  specific formulation of each of the products, courts have repeatedly held that plaintiffs

8  lack standing to proceed as to dissimilar products they did not purchase. That was pre-

9  cisely the case in *Miller v. Ghirardelli Chocolate Co.*, where the plaintiff's allegations

10  that the products did not contain the required percentage of "white chocolate" hinged

11  on each product's specific composition, 912 F. Supp. 2d at 869-71, and in *Dysthe v.*

12  *Basic Research LLC*, where the plaintiff's allegation that the products were ineffective

13  hinged on each product's composition of active ingredients. No. CV 09- 8013

14  AG(SSx), 2011 WL 5868307, a *4-5 (C.D. Cal. June 13, 2011). So too here. Plaintiffs

15  lack standing as to the Donkey's Milk and Oat products they did not purchase.

16  **V.     Plaintiffs' Claims Should be Stayed Because FDA Guidance Regarding**
17          **"Natural" Food Labeling Will Inform "Natural" Cosmetic Products.**

18          This case turns entirely on the "natural" labeling of the Products and whether

19  such labeling is misleading. Regardless of whether this case involves food products or

20  cosmetic products, those "natural" labeling issues remain the same. Plaintiffs cannot

21  escape the fact that defining what "natural" is for purposes of all labeling is an area

22  within the FDA's expertise and remains a question not yet addressed by the agency.

23  Accordingly, *any* guidance by the FDA on such issues will be instructive, and the case

24  _____

25      [11] *See, e.g.*, *Hunter v. Nature's Way Prods., LLC*, No. 16cv532-WQH-BLM, 2016 WL 4262188, at *14 (S.D. Cal. Aug. 12, 2016) (in action regarding healthfulness claims, each product had the same composition of fat per serving); *Dorfman v. Nu-*

26  *tramax Labs., Inc.*, No. 13cv0873 WQH (RBB), 2013 WL 5353043, at *7 (S.D. Cal. Sept. 23, 2013) (in action regarding joint-health claims, each product had same active

27  joint-health ingredients); *Swearingen v. Late July Snacks, LLC*, No. 13-cv-04324-EMC, 2017 WL 4641896, at *5-6 (N.D. Cal. Oct. 16, 2017) (in action regarding

28  "evaporated cane juice" representations, products differed only in flavor).

14

237480573

1    should be stayed pursuant to the primary jurisdiction doctrine.

2    **VI.    Plaintiffs Should Not Be Provided With Leave to Amend.**

3          Despite having four opportunities to plead viable class action claims premised

4    upon the labels of the Products, Plaintiffs' allegations continue to be fatally deficient.

5    Even Plaintiffs themselves appear to acknowledge the futility of further amendment as

6    they do not even seek leave of this Court to do so. Because of Plaintiffs' prior failed

7    attempts to amend, their claims should be dismissed with prejudice. *Saul v. United*

8    *States*, 928 F.2d 829, 843 (1991) (a court should deny leave to amend "where the

9    amendment would be futile . . . or where the amended complaint would be subject to

10   dismissal"); *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A dis-

11   trict court's discretion to deny leave to amend is particularly broad where the plaintiff

12   has previously amended.") (internal quotations and citations omitted).

13                                **CONCLUSION**

14         For the foregoing reasons, Plaintiffs' SAC should be dismissed with prejudice.

15   DATED: November 30, 2018                SIDLEY AUSTIN LLP

16

17                                    By:*/s/ Rachel A. Straus*

18                                       Rachel A. Straus
                                         Attorneys for Defendants
19                                       MIDWAY IMPORTING, INC. and
                                         GRISI USA, LLC
20

21

22

23

24

25

26

27

28

237480573

DEFENDANTS MIDWAY IMPORTING, INC. AND GRISI USA, LLC'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED CLASS ACTION COMPLAINT - 2:18-cv-01469-AB-RAO