1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| NICKY RIVERA, et al., | Case No. 18-01469-AB (RAOx) |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| v. | |
| MIDWAY IMPORTING, INC., et al., | |
| Defendants. | |

11
12
13
14
15
16

17     Before the Court is Defendants Midway Importing, Inc.'s ("Midway") and Grisi

18 USA LLC's ("Grisi USA") (together, "Defendants") Motion to Dismiss Second

19 Amended Complaint ("Motion," Dkt. No. 14). Plaintiffs Balmore Prudencio and

20 Michelle Quintero ("Plaintiffs") filed an opposition and Defendants filed a reply. The

21 Court heard oral argument on December 14, 2018. For the following reasons, the

22 Motion is **GRANTED**.

23 **I.     PLAINTIFF'S SECOND AMENDED COMPLAINT**

24     Plaintiffs bring this putative class action on behalf of a nationwide class, and a

25 California subclass, who purchased four varieties of Grisi brand soap products ("Grisi

26 Soap Products" or "Products") sold in boxes bearing the word "Natural." *See* Second

27 Amended Complaint ("SAC," Dkt. No. 34) ¶¶ 1-3. The Products are manufactured by

28 the Mexican firm Grisi Hnos SA De CV ("Grisi Mexico"). *Id.* ¶ 14. Plaintiffs allege

1  that the label "Natural" is false, deceptive, and misleading because the Products

2  contain between one and three synthetic ingredients. *Id.* ¶ 2.

3      The Court previously dismissed the First Amended Complaint ("FAC") with

4  leave to amend. *See* Order Dismissing FAC ("Order," Dkt. No. 30). The FAC named

5  only Midway, the United States distributor of the Products, as a defendant. The Court

6  found that the FAC failed to plead any facts that would plausibly establish that

7  Midway may be held liable for a misleading label borne by products it does not

8  manufacture or advertise but only distributes.

9      Thereafter, Plaintiffs filed the SAC eliminating certain claims but adding a new

10  defendant: Grisi USA, LLC. The SAC alleges that Grisi USA is a subsidiary of Grisi

11  Mexico, *id.* ¶ 14., and includes facts that Midway and Grisi USA were both involved

12  in the Products' misleading labels. *See, e.g.,* SAC ¶¶ 15-21.

13      Based on these facts, Plaintiffs assert six causes of action: (1) for unfair,

14  unlawful, and fraudulent business practices in violation of the Unfair Competition

15  Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"); (2) violation of the Consumer

16  Legal Remedies Act, *see* Cal. Civ. Code § 1750, et seq. ("CLRA"); (3) breach of

17  express warranty; (4) violation of the Magnuson Moss Warranty Act, 15 U.S.C. §

18  2301, et seq. ("MMWA"); (5) violation of the consumer protection statutes of all

19  states; and (6) a common law claim for breach of the implied warranty of

20  merchantability. Counts 1 and 2—the UCL and CLRA claims—are brought on behalf

21  of the California subclass, while all other counts are brought on behalf of the entire

22  nationwide class.  Defendants move to dismiss on numerous grounds.

23  **II.    LEGAL STANDARD**

24      Fed. R. Civ. Proc. ("Rule") 8 requires a plaintiff to present a "short and plain

25  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

26  8(a)(2).  Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure

27  to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

28      To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide

enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," that is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A court may dismiss a complaint under Rule 12(b)(6) based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must make all reasonable inferences in the plaintiff's favor. *Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider other materials if (1) the authenticity of the materials is not disputed, and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of undisputed facts that are contained in extrinsic materials. *Mir v. Little Co. of Mary*

3.

1  *Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90.

2  **III.    DISCUSSION**

3  **A. The SAC is <u>DISMISSED</u> Because Plaintiffs Have Not Plead Facts that**

4  **Plausibly Establish Defendants' Liability Under Any Legal Theory.**

5  The Court has reviewed the SAC and finds that it does not cure the threshold

6  problem that was fatal to the FAC: the SAC fails to plead facts that plausibly alleged

7  that *these* Defendants are liable for the allegedly misleading packaging.

8  The gravamen of each and every one of Plaintiffs' claims is that the label

9  "Natural" on the Products' boxes is misleading. Plaintiffs must therefore plead facts

10  showing that these Defendants are responsible for that label. "[A] defendant's liability

11  for unfair business practices must be based on his personal 'participation in the

12  unlawful practices' and 'unbridled control' over the practices." *In re Hydroxycut*

13  *Marketing and Sales Practices Litig.*, 299 F.R.D. 648, 656 (2014) (citing *Emery v.*

14  *Vista Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002)). The same is true for claims

15  under the CLRA. *See In re Jamster Mktg. Litig.*, No. 05CV0819 JM (CAB), 2009 WL

16  1456632, at *9 (S.D. Cal. May 22, 2009) (so holding). Indeed, courts generally reject

17  attempts to impose secondary liability for deceptive or fraudulent practices. *See In re*

18  *Hydroxycut*, *supra*, at *656-657 (so noting).

19  Plaintiffs attempt to show that Midway and Grisi USA were sufficiently

20  involved in the labeling of the Products to be held liable, *see* SAC ¶¶ 15-21, but their

21  allegations fall short. First, the allegations that Midway and Grisi USA are "together

22  responsible for labeling, marketing, and distributing Grisi Products in the United

23  States, including the soap Products at issue," and that they "authorized the false,

24  misleading, and deceptive advertisements, labels, and packaging for the Products,"

25  SAC ¶¶ 15-16, are simply boilerplate that are of no weight on a motion to dismiss.

26  Second, the SAC's scant non-conclusory factual allegations fail to establish either

27  Defendant's participation in, or control over, placing the allegedly misleading

28  "Natural" label on the packages. Plaintiffs allege that Midway and Grisi USA have

4.

common employees, ownership, and business functions and are a common enterprise, *see id.* ¶¶ 17, 19-21, but this does not establish that either entity did anything actionable relative to the Products. Plaintiffs allege that Grisi Mexico acquired 51% of Midway to have greater control over the marketing and distribution of its products, *see id.* ¶ 18, and that Grisi USA is a subsidiary of Grisi Mexico, *see id.* ¶ 14, but this does not establish that Midway or Grisi USA are responsible for the labels on Grisi Mexico's Products, nor does it overcome the "general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61, (1998) (citation omitted). The only factual allegation offered to link the Defendants to the Product labels is that Oliver Pegueros, a business manager for "Grisi USA at Midway," is responsible for all business and marketing aspects of Grisi brands in the United States. SAC ¶ 20. At most, this general allegation suggests that Defendants may be involved in some aspect of marketing the Products, but it does not plausibly give rise to any inference that they participated in or controlled the specific misconduct alleged—labeling the Products "Natural."[1] Therefore, the SAC alleges no facts to plausibly establish that either Midway or Grisi USA may be held liable for the allegedly misleading label.

This ruling is dispositive of all of Plaintiffs' claims because if no facts show that these Defendants are responsible for the allegedly deceptive labels, it follows that Defendants cannot be liable for the breach of warranty and consumer protection claims also based on those labels. Therefore, the SAC will be dismissed in its entirety on this basis, and the Court declines to rule on the other grounds argued in the motion.

---

[1] At oral argument, Plaintiffs' counsel repeatedly argued that the Defendants' alleged involvement in "marketing" the Products is enough to make Defendants liable for the Products' allegedly misleading label. But again, "marketing" is a too general a term to from which to infer Defendants are responsible for the labels. Plaintiffs' counsel also argued that discovery would reveal the exact marketing Defendants conducted, but this argument is tantamount to an admission that the SAC is inadequate.

This is Plaintiffs' third attempt to plead their claims. In response to the Court's previous Order finding that Plaintiffs could not assert their claims against Midway, Plaintiffs named another third party as a defendant and declined to name manufacturer Grisi Mexico. In light of Plaintiffs' choice to again omit the manufacturer, the Court finds that allowing further amendment would be futile. The action will therefore be dismissed with prejudice.

## IV.  CONCLUSION

Defendant's Motion to Dismiss Second Amended Complaint is **GRANTED.** The action is hereby **DISMISSED WITH PREJUDICE.** Defendants must file a proposed Judgment within 7 days of the issuance of this Order.  The Pretrial Conference and Jury Trial dates are vacated.

IT **IS SO ORDERED.**


Dated: December 18, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE